■ GLADYS HAUSS, Respondent, v. THOMAS H. HAUSS, Appellant.— Order unanimously reversed, without costs, and petition dismissed. Memorandum: Respondent wife brought an action for divorce. During the pendency of that action a separation agreement was signed by her on February 11, 1974 and by her husband on March 27, 1974. On March 28, 1974 the husband withdrew his notice of appearance and the wife was granted an undefended decree. The wife was employed and among other provisions for her benefit, while the court denied the wife's offer to incorporate the separation agreement into the divorce decree, the decree provided alimony in the amount of $20 per week. Counsel for plaintiff admitted upon argument that the court set forth the exact same provisions for support as stated in the agreement and thereby in effect incorporated the support provisions in the decree. The separation agreement provided that " In the event of any action for divorce instituted at any time hereinafter by either party against the other, in this or any other state or country, the parties hereto agree that they shall be bound by all of the terms and conditions of this agreement, and this agreement shall not be merged in any decree or judgment that may be granted in said action, but shall survive

the same and shall be forever binding and conclusive with the rules and practices of the Court granting a Decree of Absolute Divorce, the terms and provisions of this agreement shall be incorporated in such decree." The judgment of divorce was dated and entered on May 24, 1974. No appeal was taken from the decree. On August 22, 1974 the wife filed a petition to increase the alimony on the ground that her gross income of $162.50 per week had been reduced to $120.53 per week on July 1, 1974. No claim was made that she was in danger of becoming a public charge. The court increased the alimony from $20 to $30 per week and also awarded counsel fees. In *McMains* v. *McMains* (15 N Y 2d 283) the court said (pp. 284, 285) : " We hold that a separation agreement valid and adequate when made and which contains a nonmerger agreement continues to bind the parties when its terms as to support have been written into a subsequent divorce judgment but that this does not prevent a later modification increasing the alimony when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge ". (See, also, *Gardner* v. *Gardner*, 40 A D 2d 153, affd. 33 N Y 2d 899.) Upon the record it was error to modify the alimony provision of the decree. (Appeal from order of Monroe Special Term increasing alimony.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.