■ JUNE S. ISEMAN, Appellant, v DONALD B. ISEMAN, Respondent.—Order, Supreme Court, New York County, entered February 4, 1975 denying plaintiff's motion for partial summary judgment and referring the issues herein to a proceeding pending in the Family Court, unanimously reversed, on the law, without costs or disbursements, the motion for partial summary judgment granted and the matter remanded for assessment of reasonable attorney's fees. By this action plaintiff seeks recovery of arrears in support payments in accordance with the terms of a separation agreement. The first cause of action seeks arrears for the months of January through May of 1974 at the rate of $4,030.16 per month, less the amount of $5,000, which sum was paid by defendant during that period. The monthly amount due was computed at the rate of $2,883.33, the fixed amount provided for in the separation agreement, plus $1,146.83, as representing the cost of living amount also provided for in the separation agreement. In the second cause of action plaintiff seeks monthly payments accruing during the pendency of the action, which at the time the motion herein was submitted, amounted to the additional sum of $17,900.80, which sum gives credit for those amounts

paid by defendant between June through October of 1974. In the third cause of action plaintiff seeks counsel fees pursuant to the terms of the separation agreement. The record establishes that the above sums have become due under the terms of the separation agreement and that defendant has failed to make such payments. Indeed, defendant, in opposition to the motion for summary judgment, did not contest the manner of computation of the monthly payments nor did he claim that he had, in fact, made any payments in addition to those amounts already credited by the plaintiff. Defendant, however, urged that further credit should be given toward the support payments due under the separation agreement for amounts paid to the children of the marriage from a trust established by defendant's mother. Additionally, defendant urged that the matter should be held in abeyance until determination of a proceeding pending in the Family Court pursuant to which defendant sought a downward modification of support payments due under the foreign divorce decree. In the alternative, defendant urged that the issues raised herein be referred to the pending Family Court proceeding. It is clear that summary judgment should have been granted, the defendant not having raised any triable issues disputing plaintiff's right to the support payments under the separation agreement. With respect to the moneys paid from the trust for the benefit of the children, it is clear that those sums may not be credited toward defendant's obligations under the separation agreement. There is no indication, either in the separation agreement or in the agreement of trust, that payments made by the trust would be treated on account of defendant's obligations under the parties' separation agreement. And, the conclusory allegation by defendant's attorney that he was "informed by the defendant that the trust fund was created to relieve defendant in case of a change in financial circumstances" is patently insufficient to raise a triable issue in this respect. In any event, defendant's position is untenable since according to the terms of the agreement of trust, it was created, not for the purpose of providing support for the children or to relieve defendant of his obligations with respect to support, but was for the purpose of providing the beneficiaries with "luxuries and comforts", as well as funds to pay "income taxes on the income of the trust". Accordingly, to adopt defendant's position, would, in effect, rewrite the agreements which, of course, the court may not do. (See *Morlee Sales Corp. v Manufacturers Trust Co.,* 9 NY2d 16, 19. Cf. *Soltow v Soltow,* 47 AD2d 652.) Additionally, it was improper to grant defendant's request to transfer the matter to the Family Court. Even if it is determined in the Family Court proceeding that there has been a change of financial circumstances justifying a downward modification of the divorce decree, that would have no effect on the action herein. Plaintiff's claims are predicated upon the terms of the separation agreement, which agreement was incorporated, but not merged, into the divorce decree. As such, plaintiff has an absolute right to enforce the agreement and neither the Family Court nor the Supreme Court may modify the agreement upon the basis of changed financial circumstances. (See *King v Schultz,* 29 NY2d 718; *Morse v Morse,* 45 AD2d 370; *Kaye v Kaye,* 38 AD2d 753; cf. *McMains v McMains,* 15 NY2d 283.) Moreover, this action does not come within the limited jurisdiction of the Family Court, plaintiff merely seeking enforcement of an agreement between the parties and not seeking support within the meaning of the jurisdictional statutes or constitutional provisions pertaining to the Family Court (N.Y. Const., art VI, §§ 13, 19; Family Ct. Act, §§ 115, 411, 466). Settle order on notice. Concur—Markewich, J. P., Lupiano, Tilzer, Lane and Lynch, JJ.