■ In the Matter of BARBARA F. MASS, Appellant, v HOWARD B. MASS, Respondent. — Appeal from an order of the Family Court of Delaware County (Kepner, Jr., J.), entered June 2, 1980, which dismissed the petition for lack of jurisdiction. The parties' marriage was ended by a Mexican decree of divorce entered July 28, 1962, which incorporated, but did not merge, a prior separation agreement. Petitioner initiated this proceeding by petition dated October 15, 1979, seeking an upward modification of the support provision upon ground that: "the cost of living has risen drastically, and the respondent is not complying with paragraph 8 of the separation agreement which state[d] * * * Anything to the contrary not withstanding, the Husband shall pay no less than $6,000.00 per year for the support and maintenance of the Wife and Children." The separation agreement executed on July 17, 1962 provided, *inter alia,* that when their son, Clifford B. Mass, born March 20, 1953, attained the age of 13 years, respondent was to pay to petitioner the sum of $400 a month as alimony. By petition sworn to September 29, 1971, petitioner instituted a proceeding pursuant to article 4 of the Family Court Act, alleging that "Respondent, since on or about [September 20, 1971], has refused and neglected to provide fair and reasonable support" for petitioner and their three children according to his means. Family Court, by order entered January 31, 1972, directed respondent to pay to petitioner the sum of $400 per month as alimony. In April, 1975, petitioner sought an upward modification of that order. By order of the Family Court dated September 5, 1975, that petition was dismissed. Family Court, in dismissing the present application, ruled that the petition required it to determine the impact of paragraph 8 of the separation agreement on the amount to be paid the wife and that it did not have jurisdiction to make a declaratory judgment concerning paragraph 8 of the separation agreement. There should be an affirmance. Here, in the light of the prior history of this litigation, the allegations of the present and past petitions and the answering affidavit of respondent, Family Court is being asked to resolve the conflict between two clauses of a prior separation agreement which has been incorporated in, but not merged with, a foreign decree of divorce. This would require a modification or reformation of one or the other provisions of the agreement. Subdivision (c) of section 466 of the Family Court Act does not authorize such a modification of the provisions of a separation agreement incorporated in a foreign decree of divorce (*Kaye v Kaye,* 38 AD2d 753). The petition, in part, can be said to be also a request for a modification of a prior order of the Family

Court and, pursuant to sections 451 and 466 (subd [c], par [i]) of the Family Court Act, the court has jurisdiction to entertain such application in the exercise of its discretion. However, in our view, a remand of this matter to that extent would be of no avail and we decline to do so. It is clear that Family Court has no authority to modify upward the prior court order where a separation agreement provides for the payment of a specific amount as alimony to the wife and the agreement is incorporated in, but not merged with, the decree of divorce, without a showing that the petitioner wife is in danger of becoming a public charge (*Matter of Schapiro v Schapiro,* 57 AD2d 840, 841; *Hauss v Hauss,* 47 AD2d 809; *McMains v McMains,* 15 NY2d 283, 285). Petitioner nowhere in her petition or brief filed on this appeal asserts or argues that she is in danger of becoming a public charge. That question is not presented as an issue in this case. It would, therefore, be error for the Family Court, upon remand, to grant an upward modification of its prior order directing payment of $400 alimony. Moreover, the absence of such issue is a further indication that petitioner, in reality, is seeking nothing other than modification of the provisions of the separation agreement relating to support and alimony. Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.