■ In the Matter of Doris Paratore, Respondent, v Anthony P. Paratore, Appellant. — Order unanimously reversed with costs, and matter remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: At the time of their divorce in 1979, the parties herein entered into a stipulation with respect to child support and custody, possession of the marital residence and other financial obligations. That stipulation was incorporated, but not merged, in the divorce decree, which also provided that future questions of child support and custody would be referred to Family Court of Onondaga County. In August, 1980 Doris Paratore peti-tioned Family Court to modify that decree by increasing child support from $100 to $350 per month and by requiring Anthony Paratore to assume monthly mortgage payments, homeowner's insurance premiums and taxes on the property in which she resided with the children. After a hearing Family Court issued an order which left the child support provision intact but directed Anthony Paratore to assume payment of the mortgage, taxes, and insurance premiums, payment of which had formerly been the obligation of petitioner. The jurisdiction of Family Court herein is limited by the divorce decree and by statute to matters pertaining to child support and custody (Family Ct Act, § 461) and thus it was without authority to modify the financial obligations of the parties as set out in the divorce decree (see *Matter of Brescia v Fitts,* 56 NY2d 132, 139). Family Court may properly order an upward modification of the child support order if on remittitur petitioner can establish a change of circumstances warranting such modification (Family Ct Act, § 461, subd [b]; *Matter of Michaels v Michaels,* 56 NY2d 924; *Matter of Brescia v Fitts, supra,* pp 140-141; *Pfleger v Westfall,* 90 AD2d 978). (Appeal from order of Onondaga County Family Court, Schneider, J. — modify divorce decree.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.