OPINION OF THE COURT
Elrich A. Eastman, J.
Petitioner, Theresa S., seeks to enforce a judgment of divorce entered in the Supreme Court, New York County, on January 6, 1983 incorporating by reference an oral stipulation, dated November 29, 1982 providing for payment of $3,500 to the petitioner. Payment of the said sum was to be made in two installments of $1,000 plus $50 per month for 30 months. Respondent made the first payment of $1,000, then defaulted.
Respondent now moves to dismiss this proceeding on the grounds that this court lacks subject matter jurisdiction, since this lump-sum payment was in the nature of a distributive award under the equitable distribution provisions of section 236 (part B, subd 1, par b) of the Domestic Relations Law. Petitioner contends that it was in fact maintenance and as such enforceable under subdivision (c) of section 466 of the Family Court Act.
It appears that this is a case of first impression, wherein this court is called upon to interpret the provisions of part B of section 236 of the Domestic Relations Law.
Under subdivision (c) of section 466 of the Family Court Act the court may “(i) entertain an application to enforce *396 the order or decree granting alimony or maintenance” entered by the Supreme Court where the decree of divorce is silent as to the forum of enforcement. Here, this decree of divorce is silent, thus affording this court discretion to assume jurisdiction. In exercising that jurisdiction, Family Court is possessed of the same powers as the Supreme Court under section 234 of the Domestic Relations Law. (Matter of Hendricks v Hendricks, 89 Misc 2d 1052.)
However, the court’s power to entertain enforcement of a Supreme Court order under this section is discretionary. (Mass v Mass, 85 AD2d 802.)
In the instant case, this court is called upon to determine the nature of the lump-sum award made to the petitioner herein. Under the equitable distribution provisions (Domestic Relations Law, § 236, part B, subd 1, par b) a distributive award is defined as a payment or “payments [made] * * * in lieu of or to supplement, facilitate or effectuate the division or distribution of property * * * [A distributive award may be] payable either in a lump sum or over a period of time in fixed amounts.” Under this section (§ 236, part B, subd 1, par a) the term maintenance is defined as “payments provided for in a valid agreement between the parties or awarded by the court, to be paid at fixed intervals for a definite or indefinite period of time, to meet the reasonable needs of a party to the matrimonial action”.
The parties herein divided the personal property between them and agreed upon a lump-sum payment of money to be paid to the petitioner. Unclear in the judgment is the designation of this sum, since such a payment could be used as a supplement to the property distribution and hence fall within the category of a distributive award. (Conteh v Conteh, 117 Misc 2d 42.) On the other hand, since the stipulation read into the record indicated that settlement was of all claims “to maintenance, support and equitable distribution”, maintenance was likewise an ingredient of the stipulation.
Under section 236 of the Domestic Relations Law, matrimonial actions commenced prior to July 19, 1980, the effective date of the equitable distribution provisions of this section, shall be governed by part A of the section relating to alimony, and such actions commenced thereaf-
*397 ter shall be governed by part B. This action was commenced after the effective date of the amended section so that part B is applicable. There are no children of this marriage.
At issue is whether the award of $3,500 provided for in the incorporated stipulation constituted maintenance or a distributive award?
In reviewing the minutes of the divorce hearing, this court finds no reference to fixing maintenance for the petitioner in accordance with the criteria set forth in section 236 (part B, subd 6) of the Domestic Relations Law. Apparent from the record is the fact that the respondent was given a greater portion of the furniture. Consequently the petitioner agreed to accept $3,500 plus specified furniture and equipment in settlement of all claims under this section. Maintenance as defined in the statute, implies a reasonable sum paid at fixed intervals according to reasonable needs of the parties. Nowhere in the minutes was any reference made to the petitioner’s needs nor that the lump-sum payment was in lieu of fixed payments for a definite period. More consistent with the nature of the sum paid is the distributive award made “to supplement, facilitate or effectuate the division or distribution of property.” Illustrative of this intent is the court’s inquiry at the divorce hearing:
“Q. And did you understand all the terms of the agreement?
“A. Yes.
“Q. And that means that after you get the $3,500, and the furniture and the equipment, you will have no claim against Mr. S for any maintenance of anything else. Do you understand that?”
Thus, this court finds that the money paid to this petitioner was in the nature of a distributive award supplementing the property distribution. As such, this court has no power to enforce collection under subdivision (c) of section 466 of the Family Court Act. Thereunder, this court’s jurisdiction is limited to Supreme Court orders granting alimony, maintenance or support. This award is neither.
*398 Accordingly, this petition is dismissed for lack of jurisdiction.