■ MARTHA HANDA, Appellant, v JAMES A. HANDA, Respondent. — In an action to recover damages for breach of a separation agreement, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Burchell, J.), dated October 17, 1983, as, in effect, granted her motion to renew a previously made motion for summary judgment, and upon renewal, denied the motion for summary judgment. ¶ Order reversed insofar as appealed from, on the law, with costs, and, upon renewal, order dated July 8, 1983, vacated, motion for summary judgment granted, and matter remitted to the Supreme Court, Dutchess County, for a hearing to determine the amount of damages for the period from August 16, 1982, until May 16, 1983. ¶ Pursuant to a separation agreement entered into on or about November 27, 1979 between the parties to this action, the plaintiff wife was given "the sole exclusive custody of the children, DAVID HANDA, AMY HANDA, and LAURA HANDA". The agreement also provided that: "[t]he HUSBAND shall

pay for the support, maintenance, and welfare of the wife and children the sum of ONE HUNDRED FIFTY ($150) DOLLARS per week on Friday of each and every week. Such payment is to commence on the week of the execution of this Agreement and shall continue until each child attains the age of twenty-one (21) years, becomes emancipated, dies or marries, whichever occurs first. With each child that attains the age of twenty-one (21), becomes emancipated, dies or marries, the aforesaid payments shall be reduced by FIFTY ($50) DOLLARS." ¶ The parties were thereafter divorced and, as agreed upon, the separation agreement was incorporated, but not merged, into the divorce decree. ¶ In or about February, 1982, the defendant husband commenced a proceeding in the Family Court, Dutchess County, seeking the transfer to him of the custody of the parties' son, David. On February 16, 1982, the proceeding was terminated by stipulation, which provided as follows: ¶ "MR. TEPPER [counsel for the defendant]: It is my understanding that the boy, David, will be residing with the father for the next six months; at the end of which time, it then shall be determined where custody shall lie for David. During the six-month period of time, Mr. Handa [the defendant] will continue to pay child support or actually maintenance and support pursuant to the Separation Agreement, *that is with no reduction*. At the end of six months, if a determination is made that custody will be changed to the father, *then there will be a modification in the child support provisions* and that the other children will remain residing with the mother and remain in the custody of the mother. ¶ "MR. REILLY [counsel for the plaintiff]: That is essentially correct, Judge. It is understood that there is no change in the Separation Agreement, custody will remain with Mrs. Handa. The child, if he elects to do so, would be free to come back to live with her. *There is no change in the support provisions*. If eventually, either through agreement or Court order, custody is given to Mr. Handa, *there will be a review of the entire Separation Agreement with respect to custody and child support payments*. It is understood that the child will reside in the home of Mr. Handa" (emphasis added). ¶ Both parties expressly acknowledged in court their understanding of the stipulation, as well as their agreement with its terms as outlined by counsel. An order reflecting the terms of the stipulation has apparently never been signed. ¶ In August, 1982, at the end of the stipulated period, the defendant stopped making support payments to the plaintiff for David. On or about February 25, 1983, the plaintiff commenced this action by service of a summons and complaint, seeking judgment in the amount of $1,755 with interest from August 16, 1982, the date on which the defendant husband allegedly "breached the said agreement by deducting the sum of $65 per week from the [weekly] amount due and owing to plaintiff [pursuant to the agreement]". ¶ The defendant answered, alleging "as and for a first affirmative defense" that there was an action pending in the Family Court, Dutchess County, regarding the issues raised in the complaint. "As and for a second affirmative defense" the defendant alleged that on or about February 16, 1982, "physical custody" of the parties' son David, had been transferred to the defendant with the plaintiff's consent and permission. Finally, the defendant alleged "as and for a third affirmative defense" that since the afore-mentioned date David has been in his "physical custody" and he has provided for David's "full support and maintenance". ¶ By notice of motion, dated March 23, 1983, the plaintiff moved for summary judgment, pursuant to CPLR 3212, "upon the grounds that there is no defense against payment of [the amount demanded in the complaint] and no issues of fact [exist] that require a trial". In her supporting affidavit, the plaintiff argued in essence that, consistent with the afore-mentioned stipulation, the defendant remained obligated to pay her the amount stated in the agreement, and that in August, 1982, the defendant "unilaterally" reduced the payments by one third. ¶ The defendant opposed

the motion, though he conceded that he "stopped paying my former wife support for David. I have, however, continued paying her support for the other two children of the marriage who still reside with her." The defendant also alleged that the Family Court, Dutchess County, had granted him exclusive custody of David in or about May, 1983 and that "[b]ased upon a stipulation between myself and my former wife support payments were reduced and also modified in various ways". Finally, the defendant alleged that beginning in February, 1982, he was David's sole support; he did not request contribution from the plaintiff; and, he "did pay full support for the six month period of time, since [he] had agreed to do so as a period of transition for the plaintiff". ¶ By order dated July 8, 1983, Special Term referred the motion to the "Family Court of Dutchess County, so that the support aspects of the litigation relative to the child's custody may be determined concurrently with the question of support for David". ¶ By notice of motion, dated August 1, 1983, the plaintiff moved for leave to renew her summary judgment motion, and "in the event that leave is granted, that such application for summary judgment by plaintiff be granted". In the supporting affidavit counsel argued, *inter alia,* that the plaintiff had commenced this action to recover damages for breach by the defendant of a separation agreement; that prior to the submission of the original motion for summary judgment on June 6, 1983, the Family Court, Dutchess County, conducted a hearing on the issues of David's support and custody, which were "settled by stipulation amending the subject separation agreement with respect to [those issues]. However, specifically excluded from the stipulation was this pending action for breach of the separation agreement"; and that Special Term was apparently "never appraised [*sic*] of the settlement of the Family Court proceeding, as the Order of Hon. George D. Burchell, dated July 8, 1983, transfers this action to Family Court for determination with questions of custody and support * * * In fact, there is no proceeding now pending in Dutchess County, Family Court." Counsel concluded that summary judgment in the plaintiff's favor was appropriate because, *inter alia,* the Family Court proceeding had terminated and that court did not have subject matter jurisdiction over the present action for damages for breach of the agreement; the defendant husband admitted that he breached the agreement; and the defendant's submissions were inadequate to defeat a motion for summary judgment. ¶ In opposition, counsel for the defendant husband argued that the Family Court proceeding was "resolved by stipulation on May 16, 1983 a full month before the motion for summary judgment in Supreme Court was submitted"; that Family Court has "continuing jurisdiction" over the subject matter of this action; that the appropriate forum for the plaintiff to argue that the Family Court lacks subject matter jurisdiction is in an appellate court rather than in Special Term on a motion to renew; and that, in any event, an issue of fact as to the parties' intent remains which is sufficient to defeat a motion for summary judgment. Specifically, the defendant's position was that "it was not the intent of the parties to require support from him to the plaintiff if the children were living with him". ¶ By order dated October 17, 1983, Supreme Court, Dutchess County (Burchell, J.), denied summary judgment, explaining that: "[p]laintiff seeks summary judgment for arrears in child support due under the terms of a separation agreement. It is uncontroverted that during the time period in question the subject child, David, changed physical custody and has been living with the defendant. The Court's construction of the subject separation agreement is that upon assumption by defendant of a direct obligation for the support of David, his indirect obligation to pay plaintiff for David's support is no longer operative. The Court cannot pretend to be blind to the parties [*sic*] clear intendment at the time the separation agreement was executed." ¶ We conclude that Special Term should have

granted the plaintiff wife's motion for summary judgment, at least on the issue of the defendant husband's liability. The law is well settled that "[w]hen parts of a separation agreement are incorporated into but not merged within a divorce decree, the separation agreement continues in effect as a separate and independent contractual arrangement between the parties" (*Kleila v Kleila,* 50 NY2d 277, 283). The parties to such an agreement have the absolute right to enforce the agreement and may commence a contract action as a consequence of its breach (see *Nopper v Nopper,* 50 NY2d 1009; *Swartz v Swartz,* 49 AD2d 254, 259; *Iseman v Iseman,* 48 AD2d 809, 810, app dsmd 37 NY2d 918), notwithstanding any subsequent modifications (see *Kurtz v Kurtz,* 58 AD2d 1006). ¶ The law is equally well settled that the Family Court "is a court of limited jurisdiction" (*Kleila v Kleila, supra,* p 282). Actions instituted to enforce a separation agreement, as opposed to those actions seeking support within the meaning of the jurisdictional statutes or constitutional provisions pertaining to the Family Court (see NY Const, art VI, §§ 13, 19; Family Ct Act, §§ 411, 466), do not fall within the court's limited jurisdiction (*Iseman v Iseman, supra,* p 810). Moreover, subject matter jurisdiction may not be conferred on the Family Court by the parties to the separation agreement (*Kleila v Kleila, supra,* p 282). ¶ In the case at bar, the plaintiff wife's claims were predicated upon the unallocated support provisions set forth in the separation agreement which was incorporated, but not merged, into the divorce decree. The agreement provided, *inter alia,* for the payment of an unallocated sum as support to the plaintiff wife and three children, the circumstances under which payments could be reduced, and, by how much. The force of these provisions was augmented by the stipulation entered into between the parties in the Dutchess County Family Court in February, 1982 (cf. *Murphy v Murphy,* 84 AD2d 873). In essence, the stipulation provided that the parties' son, David, whose custody had originally been awarded to the plaintiff wife, would reside with the defendant husband for six months and that the support provisions would not be affected. The stipulation also provided that, after the six-month period, if custody were awarded to the defendant husband, either by court order or by agreement, the support provisions would be subject to review. The defendant husband has conceded that in August, 1982 he stopped making payments to the plaintiff wife for David's support; David's custody and the support provisions were not modified until May 16, 1983. Therefore, the defendant husband remained obligated to make support payments to the plaintiff wife until that date, in accordance with the separation agreement and the stipulation. ¶ We are satisfied on the basis of the record before us that no triable issues of fact exist concerning the defendant husband's liability for his breach of the separation agreement (see *Cunningham v General Elec. Credit Corp.,* 96 AD2d 502). Special Term therefore erred in denying summary judgment as to liability, and in transferring this matter to the Family Court. ¶ Accordingly, the plaintiff wife's motion for summary judgment is granted and the matter is remitted to the Supreme Court, Dutchess County, for a hearing on the issue of damages. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.