OPINION OF THE COURT
Edward J. McLaughlin, J.
The Family Court has no statutory authority to enforce a distributive award made in a matrimonial action. Accordingly, since this matter was transferred to the Family Court by the Supreme Court, this court must dismiss the petition for lack of subject matter jurisdiction.
On June 9, 1986 an order of referral was signed by a Supreme Court Justice referring to the Family Court an order to show cause which brought on a motion for contempt of court against respondent because of his alleged failure to comply with a decree of divorce filed and entered on December 11, 1985. Specifically, it is alleged, respondent has failed to release certain items of personal property or to pay over the *996 $2,000 ordered as a distributive award of marital property, which acts were ordered in paragraphs B and C of the decree of divorce. The decree also ordered "that all further questions of support, visitation, custody, and/or the modification or enforcement of this Decree are referred to the appropriate Family Court.”
Since July 19, 1980, matrimonial actions in New York have been governed by the Equitable Distribution Law (Domestic Relations Law § 236 [B]). In a contested matrimonial action, the court may make an award of equitable distribution of marital property, a distributive award when "equitable distribution is appropriate but would be impractical or burdensome” (Domestic Relations Law § 236 [B] [5] [e]), an award of maintenance (formerly alimony) and an award of child support. All orders or judgments in matrimonial actions are enforceable pursuant to CPLR 5241 and 5242 "or in any other manner provided by law.” (Domestic Relations Law § 236 [B] [9] [a].)
While the Family Court has jurisdiction to entertain an application to enforce the "alimony, maintenance or support” provisions of a decree of divorce (Family Ct Act § 466 [c]; Matter of Sondra S. v Matthew G., 99 Misc 2d 309 [Fam Ct, NY County 1979]) the Family Court Act confers no jurisdiction upon the Family Court to enforce the equitable distribution of marital property (cf. Matter of Thomson, 79 AD2d 880 [4th Dept 1980]) and "cannot exercise powers beyond those granted to it by statute.” (Matter of Borkowski v Borkowski, 38 AD2d 752, 753 [2d Dept 1972].)
When an action is commenced in the Family Court and the Family Court finds it lacks jurisdiction, the Family Court shall transfer the matter to the Supreme Court, the court of general jurisdiction in New York State. (NY Const, art VI, § 19 [e].) Where the matter does not originate in the Family Court but is transferred from the Supreme Court (NY Const, art VI, § 19 [e]) the Family Court has no choice but to dismiss the proceeding for lack of jurisdiction to make a determination on the merits. In the interest of the orderly administration of justice, one Judge should not overrule the determination of another Judge of coordinate jurisdiction. (Public Serv. Mut. Ins. Co. v McGrath, 56 AD2d 812 [1st Dept 1977].)
This, unfortunately, puts the original petitioner who is seeking to enforce the distributive award made by the Supreme Court in a precarious legal dilemma — the court, where *997 her decree should be enforced, has ordered the proceeding transferred to a court which has no jurisdiction to entertain the matter. Clarification of the statute to avoid this hardship to litigants is clearly needed.
This court, however, has no choice but to grant respondent’s motion to dismiss. Respondent is to submit an order in accordance with this decision.