■ In the Matter of MARY K. HOWARD, Appellant, v JOSEPH S. JANOWSKI, Respondent. [641 NYS2d 940] —Order unanimously affirmed with costs. Memorandum: Petitioner instituted this proceeding pursuant to article 4 of the Family Court Act purporting to enforce a "maintenance" provision in the parties' "Opting Out Agreement", which was incorporated but not merged into a judgment of divorce. The agreement contains an acceleration clause, which provides that, if respondent fails to make periodic payments when due, the balance of the payments required under the agreement is immediately due and payable. The Hearing Examiner determined that, because respondent had been late in making payments, the acceleration clause should be enforced and directed respondent immediately to pay $279,000 to petitioner.

Family Court properly sustained respondent's objections to the Hearing Examiner's order upon the ground that the Hearing Examiner had no power under article 4 of the Family Court Act to enforce the acceleration provision. Because Family Court is a court of limited jurisdiction, it cannot exercise powers beyond those granted to it by statute (*see, Kleila v Kleila,* 50 NY2d 277, 282). The summary enforcement procedures of Family Court Act article 4 apply only to payments that in fact constitute "support" or "maintenance" (*see,* Family Ct Act §§ 411, 451, 453, 454, 460, 466; *see also,* CPLR 5241, 5242; *see generally, Matter of Reinhardt v Reinhardt,* 204 AD2d 1028; *Matter of Kolar v Kolar,* 133 Misc 2d 995, 996). In her post-

argument submission, petitioner concedes that the payments required by the agreement are not truly "maintenance". The provision that payments are not to terminate on the death of respondent or on the death or remarriage of petitioner conflicts with the statutory definition of maintenance (*see*, Domestic Relations Law § 236 [B] [1] [a]; § 248), and it is clear from the structure of the entire agreement that, in reality, the periodic payments constitute part of a property settlement. The obligation to make periodic payments may be enforced either by a plenary action on the contract or an enforcement proceeding pursuant to Domestic Relations Law § 244 in Supreme Court (*see, Matter of Kolar v Kolar, supra*, at 996; *cf., Melnick v Melnick*, 211 AD2d 521).

Moreover, Family Court lacks the power to enter a money judgment for accelerated payments. Family Court is limited to making "an order directing the entry of judgment for the amount of *arrears*" of any required support payments (Family Ct Act § 460 [1] [emphasis supplied]). Further, petitioner cannot obtain a judgment for the accelerated payments in the absence of a specific request in her petition for that relief (*cf., Matter of Lada v Lada*, 220 AD2d 665). (Appeal from Order of Onondaga County Family Court, Rossi, J.—Maintenance.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.