*139 OPINION OF THE COURT
Daniel Turbow, J.
Respondent, petitioner’s former husband, has filed objections to the Hearing Examiner’s order of November 21, 1997. That order granted enforcement of the child support provisions contained in the parties’ divorce judgment, which was entered in Supreme Court, Kings County, on June 25,1993 (the Divorce Judgment). Petitioner did not file a rebuttal.
The support provisions at issue were initially set out in a stipulation of settlement dated November 24, 1992, which resolved the parties’ matrimonial proceeding (the Stipulation). Among other things, the Stipulation provided that, should a divorce judgment ultimately issue, “the obligations and covenants of [the Stipulation] shall be incorporated into the Judgment of Divorce but shall survive any decree or judgment of separation or divorce and shall not merge therein, and this [Stipulation] may be enforced independently of such decree or judgment.”
The Divorce Judgment, among other things, éxpressly repeated the support obligations set forth in the Stipulation. In accordance with the language expressed in the Stipulation, the Divorce Judgment also provided that the Stipulation was to be incorporated in, but survive and not be merged in the Divorce Judgment. And, as is particularly relevant here, it stated that the Supreme Court “retains jurisdiction of the matter concurrently with the Family Court for the purposes * * * of making such further judgment with respect to maintenance, support [,] custody or visitation as finds appropriate under the circumstances”.
Before the Hearing Examiner, the respondent acknowledged that he had failed to comply with the child support obligations set out in the Stipulation and the Divorce Judgment. However, he asserted that petitioner had not complied with financial obligations concerning the marital residence which were imposed upon her by the Stipulation, which were likewise incorporated in the Divorce Judgment.* As a result, respondent contends that he incurred expenses which should be offset *140 against his obligations to petitioner. In his very thorough findings of fact, the Hearing Examiner concluded that while, under these circumstances, respondent might have a claim for a set-off, that claim could not be heard in the Family Court because of this court’s jurisdictional limitations. Accordingly, the Hearing Examiner fixed support and arrears without regard to any claims respondent asserts against petitioner under the Stipulation.
In his objections, respondent contends that the Hearing Examiner “erred in that he enforced one aspect of the parties’ financial situation, but not the others.” In essence, he claims that it was inequitable to enforce respondent’s financial obligations to petitioner under the Stipulation and Divorce Judgment while ignoring petitioner’s reciprocal obligations. He further asserts that if, because of jurisdictional limitations, respondent’s claims against petitioner could not be considered in Family Court, the Hearing Examiner “should have * * * simply dismissed the petition, and instructed the Petitioner to seek relief in the [Supreme] Court.” Respondent’s objections are not supported by the applicable law.
It is clear that because the Stipulation was not merged in the Divorce Judgment petitioner could have brought a plenary proceeding in Supreme Court to enforce the Stipulation’s terms. As the Second Department stated in Handa v Handa (103 AD2d 794, 797 [2d Dept 1984]): “The law is well settled that ‘[w]hen parts of a separation agreement are incorporated into but not merged within a divorce decree, the separation agreement continues in effect as a separate and independent contractual arrangement between the parties’ (Kleila v Kleila, 50 NY2d 277, 283). The parties to such an agreement have the absolute right to enforce the agreement and may commence a contract action as a consequence of its breach” (citations omitted).
Significantly, however, petitioner was not required to proceed in this manner. Rather, because the Divorce Judgment expressly granted concurrent jurisdiction to the Supreme and Family Courts to enforce its terms concerning child support, petitioner also had the right to bring the instant proceeding seeking such relief here. (Family Ct Act §§ 461, 466; Matter of Brescia v Fitts, 56 NY2d 132, 140-141 [1982] [“Section 461 * * * provides that the parents’ duty to support their child is not diminished by the existence of, inter alia, a separation agreement or judgment of divorce and, in the absence of an order of Supreme Court directing support, Family Court may *141 make an order of support. If such an order of Supreme Court already exists, however, and Supreme Court has not retained exclusive jurisdiction in itself to enforce or modify its order, Family Court is authorized to enforce the order”].)
Respondent’s claims for an offset, however, whether styled as arising under the Stipulation or the Divorce Judgment per se, are simply not cognizable in Family Court. This court is one of limited jurisdiction (Kleila v Kleila, 50 NY2d 277 [1980], supra), and a dispute concerning the parties’ respective obligations under the Stipulation with respect to the maintenance of the marital residence does not fall within that jurisdiction. (Cf., Handa v Handa, supra, 103 AD2d, at 797 [“Actions instituted to enforce a separation agreement, as opposed to those actions seeking support within the meaning of the jurisdictional statutes or constitutional provisions pertaining to the Family Court (see NY Const, art VI, §§ 13, 19; Family Ct Act, §§ 411, 466), do not fall within the court’s limited jurisdiction”], citing Iseman v Iseman, 48 AD2d 809, 810 [1st Dept 1975].)
Similarly, while under Family Court Act §§ 461 and 466 this court may enforce the Divorce Judgment to the extent it involves support matters, those provisions of the Divorce Judgment upon which respondent rests his claims do not fall within that category, and are thus not subject to resolution here. (Cf., Matter of Borkowski v Borkowski, 38 AD2d 752, 753 [2d Dept 1972] [“Insofar as the Family Court directed appellant to turn over to his wife certain moneys representing her one-half interest in a joint bank account and further directed him to continue making mortgage payments on the parties’ marital premises while awarding him exclusive possession, the court exceeded its jurisdiction. The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute”] [citations omitted].)
Finally, as noted, respondent contends that the court should decline to exercise jurisdiction over petitioner’s claim, and require her instead to proceed in Supreme Court, where respondent’s substantive contentions could also be heard. It is questionable whether this court has discretion to decline jurisdiction over a suit such as that brought by petitioner, which falls clearly within the ambit of the court’s traditional authority as set out in the Family Court Act. (But see, Wach v Wach, 58 Misc 2d 335 [Fam Ct, Queens County 1968].) Nonetheless, even if such discretion existed, it would not be appropriately exercised here. While it may serve the interests of judicial *142 economy to hear both petitioner and respondent’s claims simultaneously, respondent is not without any substantive remedy. He may seek relief against petitioner in Supreme Court. Moreover, he apparently consented to the provision in the Divorce Judgment that granted Family Court concurrent jurisdiction with Supreme Court to hear petitioner’s claims. He cannot be heard to complain when petitioner seeks to avail herself of her rights under that provision.
Accordingly, the objections are denied.

 As set forth in his objections, respondent alleges that: “Basically the Petitioner violated the agreement by not paying the maintenance charges on the condominium where she lived with the children and not paying the Respondent any rent. The Respondent found himself in the position of paying the maintenance or evicting his children. The Respondent chose to not make his children homeless.”