■ In the Matter of MARY McKEOWN, Respondent, v JOHN WOESSNER, Appellant. [671 NYS2d 134] —In a proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Nassau County (Pudalov, J.), dated February 18, 1997, which, *inter alia,* denied his objections to an order of the same court (Kahlon, H.E.), dated June 24, 1996, finding that the Family Court had jurisdiction over the wife's two petitions, fixing the husband's obligation for spousal and

child support arrears pursuant to the separation agreement, and denying his cross petition for a downward modification of his support obligations under the judgment of divorce.

Ordered that the order is modified by deleting the provisions thereof denying the husband's objections to so much of the order of the Hearing Examiner as found that the Family Court had jurisdiction over the wife's two petitions and fixed the husband's obligation for spousal and child support arrears pursuant to the separation agreement, and substituting therefor provisions sustaining those objections; as so modified, the order is affirmed, without costs or disbursements, the order dated June 24, 1996, is modified accordingly, and the matter is remitted to the Family Court, Nassau County, for a recalculation of the husband's biweekly spousal support obligation following the emancipation of the parties' two children, along with a computation of any unpaid spousal and child support arrears pursuant to the parties' judgment of divorce.

The Family Court was without jurisdiction to hear the wife's petition for enforcement of a prior judgment rendered in the Supreme Court in a plenary action to enforce the terms of the parties' separation agreement, which had been incorporated but not merged in their judgment of divorce (*see, Kleila v Kleila,* 50 NY2d 277, 282; *Iseman v Iseman,* 48 AD2d 809, 810). Similarly, the Family Court was without jurisdiction to hear the wife's companion petition for modification of the same judgment (*Kleila v Kleila, supra; Iseman v Iseman, supra*). Neither Family Court Act § 454 nor Family Court Act § 466 confers jurisdiction upon the Family Court to modify or enforce an order of the Supreme Court arising from a prior breach of contract action (*cf., Lampert v Lampert,* 51 AD2d 913). Accordingly, the wife's petitions must be dismissed for lack of subject matter jurisdiction.

Where, as here, the husband's cross petition seeks a downward modification of his support obligations under a pre-equitable distribution judgment of divorce which is subject to the terms of a separation agreement that was incorporated but not merged in the judgment of divorce, he must demonstrate "extreme hardship", whether he brings his application in the Supreme Court or the Family Court (*Matter of Cohen v Seletsky,* 142 AD2d 111, 120). However, even if the less exacting standard of a "change in circumstances" were to be applied, the husband failed to establish his entitlement to downward modification based upon the fact that he retired from his employment in May 1994. Contrary to his contention on appeal, the record establishes that the husband was not forced to

leave his job. Rather, when his department was downsizing, he was given an attractive incentive to retire which, upon consideration of all of the circumstances, he deemed it "prudent" to accept (*see, e.g., Martin v Martin,* 194 AD2d 769; *cf., Neumark v Neumark,* 189 AD2d 863).

However, because the judgment of divorce sets forth a single biweekly figure of $450 for both spousal maintenance and child support, and the husband's child support obligation ended upon the emancipation of the couple's two children, the matter should be remitted for a calculation of the spousal maintenance currently owed to the wife, plus any arrears in such maintenance and in unpaid child support. Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.