COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Bumgardner
Argued at Richmond, Virginia


MICHAEL CHARLES FRIES

                                     MEMORANDUM OPINION* BY
v.    Record No. 2803-99-3          JUDGE LARRY G. ELDER
                                          MAY 2, 2000
PATRICIA ANN FRIES


          FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                George E. Honts, III, Judge

          Frank K. Friedman (Nicholas C. Conte; Woods,
          Rogers & Hazlegrove, P.L.C., on briefs), for
          appellant.

          J. Emmette Pilgreen, IV (Jonathan S. Kurtin;
          Harvey S. Lutins & Associates; Shapiro &
          Kurtin, on brief), for appellee.


     Michael Charles Fries (husband) appeals from an equitable

distribution proceeding following his divorce from Patricia Ann

Kelly Fries Carroll (wife).  On appeal, he contends the trial

court erroneously (1) set aside the parties' 1978 separation

agreement and distributed their property pursuant to Virginia's

equitable distribution law; (2) assessed his ownership interest

in a particular piece of property at a level greater than that

supported by the evidence; and (3) awarded wife $25,000 in

attorney's fees.  We hold the trial court, in applying New York

law as required by the separation agreement, erred in concluding

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the parties' sixteen-year reconciliation abrogated the agreement, where the agreement provided revocation had to be in writing and would not be effected by reconciliation alone and the court specifically found the parties did not execute such a writing.  Therefore, we remand to the trial court for further proceedings without reaching husband's second assignment of error.  Because it is unclear whether the trial court's award of attorney's fees to wife was predicated in part on the fact that she prevailed in the dispute over the validity of the settlement agreement, we vacate the award of attorney's fees and remand to the trial court for reconsideration of that issue, as well.

New York law applicable to the 1978 separation agreement provided that, with only a few exceptions not applicable here, the rules governing contracts generally are applicable to separation agreements.  See 16 N.Y. Jurisp., Domestic Relations § 662 (1972) (hereinafter N.Y. Jurisp.).  Although New York law previously provided that a husband and wife could not contract to alter or dissolve their marriage, subsequent amendment of the law "provides that an[] agreement . . . shall not be considered 'a contract to alter or dissolve the marriage . . . unless it contains an express provision requiring the dissolution of the marriage or provides for the procurement of grounds for divorce.'"  Collins v. Johnson, 341 N.Y.S.2d 214, 216 (N.Y. Civ. Ct. 1973) (quoting N.Y. Gen. Oblig. Law § 5-311); see Taft v. Taft, 548 N.Y.S.2d 726, 727 (N.Y. App. Div. 1989) (holding that

-

agreement otherwise void on this basis is valid if agreement contains severability clause).  Pursuant to that amendment, "a separation agreement which contains neither of such provisions is not void as a contract to dissolve the marriage."  N.Y. Jurisp., supra, § 663.

Where the terms of a separation agreement "are clear and unambiguous, the intent of the parties must be found therein." Nichols v. Nichols, 119 N.E.2d 351, 353 (N.Y. 1954); see also N.Y. Jurisp., supra, § 678.  General principles provide that reconciliation and resumption of cohabitation following execution of a separation agreement show an intent to abrogate the agreement.  See, e.g., Markowitz v. Markowitz, 381 N.Y.S.2d 678, 679 (N.Y. App. Div. 1976); see also N.Y. Jurisp., supra, § 688.  However, to hold that reconciliation and a resumption of cohabitation, standing alone, are sufficient to abrogate an agreement which provides expressly that the agreement shall remain effective following a reconciliation absent written revocation is to ignore the intention of the parties expressed in the agreement.

We are aware of no New York appellate decision which has expressly addressed this issue.  In Zambito v. Zambito, 566 N.Y.S.2d 789 (N.Y. App. Div. 1991), relied upon by wife, the court considered the continuing validity of a separation agreement which "required that any reconciliation should be reduced to writing."  Id. at 791.  The court gave no indication

-

that the separation agreement at issue provided a different standard for determining abrogation, and it applied the general standard that resumption of cohabitation with an intent to reconcile results in abrogation. See id. In assessing the factual question whether a reconciliation occurred, the court noted that the parties shared the marital residence occasionally but did not cohabit, that husband maintained a separate residence with his sister and that he continued to make child support payments. See id. It also noted that "the terms of the separation agreement required that any reconciliation should be reduced to writing." Id. Based upon all of those factors, it concluded the trial court's "factual determination that there had not been any mutual understanding of both parties to effectuate an abrogation of the agreement through reconciliation should not be disturbed." Id. The issue in Zambito was whether a reconciliation occurred, not whether any such reconciliation would abrogate the agreement. See id. The contractual provision in Zambito that a reconciliation "should" be reduced to writing is distinguishable from the contractual provision at issue here that the agreement "shall not be invalidated . . . by a reconciliation" unless documented by a writing both acknowledging the reconciliation and canceling the agreement.

The only New York case cited to this Court which is precisely on point is Brown v. Brown, 1998 N.Y. Misc. LEXIS 419 (N.Y. Sup. Ct. 1988), issued by a New York trial court. Based

-

on Brown, we agree with husband's contention that a resumption of cohabitation coupled with an intent to reconcile is insufficient to establish a mutual intent to abrogate the separation agreement where the agreement specifically requires written revocation.

Brown involved a separation agreement containing a revocation provision almost identical to the one at issue in this case. See id. at *3-*4. The court noted that "whether the parties' acts of reconciliation rescind a separation agreement where that agreement contained a provision that it could not be invalidated or rescinded except in writing" is "a novel issue which has yet to be specifically addressed" by a New York court. See id. at *1. In Brown, following execution of the separation agreement, the parties resumed cohabiting in the marital residence, despite a provision in the agreement granting wife exclusive possession of the residence, and they resided there as a "typical . . . married couple[]" for an additional one-and-one-half years. See id. at *2-*3.

The court recognized the general principle that "'absent any indication to the contrary,'" spouses who reconcile are assumed to "'intend[] that all vestiges of the agreement that . . . memorialize[d] their separation also [will] fall.'" Id. at *4-*5 (quoting In re Wilson, 427 N.Y.S.2d 977, 980 (N.Y. 1980)). "'While generally cohabitation accompanied by intent to reconcile will result in the repudiation of a separation

-

agreement, this rule is grounded upon the presumed intent of the parties, and should not be applied when a contrary intent is clear.'"  Id. at *5 (quoting Breen v. Breen, 495 N.Y.S.2d 195, 195-96 (N.Y. App. Div. 1985) (citations omitted)).  Recognizing that the intent of the parties is a question of fact to be proven by their acts and expressions, see id. at *4, the court held that "a contrary intent to the parties' actions has been clearly expressed in . . . the Separation Agreement," id. at *5. As a result, it held "the Court need not look to the acts and expressions of the parties as the Court in Markowitz[, 381 N.Y.S.2d 678,] was forced to do."  Id. at *6.  Indeed, under Nichols, where the terms of the separation agreement "are clear and unambiguous, the intent of the parties must be found therein."  119 N.E.2d at 353 (emphasis added).  To look elsewhere to ascertain the parties' intent under such circumstances is error.  Cf. Coccaro v. Coccaro, 130 N.Y.S.2d 609, 610 (N.Y. App. Div.) (holding that where real property is conveyed by one spouse to another in conjunction with a separation agreement, a reconciliation of the parties, without more, does not void that conveyance), aff'd, 124 N.E.2d 330 (N.Y. 1954); N.Y. Jurisp., supra, § 689.

We hold the same rationale applies in this case.  Although this case involved a reconciliation of sixteen years, this time differential is not dispositive.  Because the parties' agreement specifically provided that revocation could only be effected in

-

writing, the agreement remained binding, and the trial court erred in finding otherwise.

Therefore, we vacate the trial court's decision invalidating the separation agreement, vacate its equitable distribution of the parties' property pursuant to Virginia law, and remand for further proceedings consistent with this opinion.[1] Because of our ruling, we do not reach husband's second assignment of error. Finally, because it is unclear whether the trial court's award of attorney's fees to wife was predicated in part on the fact that she prevailed in the dispute over the validity of the settlement agreement, we vacate the award of attorney's fees and remand to the trial court for reconsideration of that issue, as well.

<u>Reversed, vacated and remanded.</u>

_____

[1] We do not consider whether the parties may have repudiated the agreement. The trial court did not reach that issue, and it is not before us on appeal. We also note that the agreement, if valid, does not prevent one spouse from gifting his or her real or personal property to the other spouse individually or from gifting a portion of that spouse's ownership interest therein. Therefore, husband may or may not be entitled to a retracing of property he owned at the time of execution of the separation agreement.

-