■ In the Matter of FRANCES GAMBACORTA, Respondent, v ENZO GAMBACORTA, Appellant. [846 NYS2d 362]—

In a support proceeding pursuant to Family Court Act article 4, the former husband appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Morales-Horowitz, J.), dated October 5, 2006, as denied his objections to so much of an order of the same court (Jordan, S.M.), dated February 23, 2006, as directed him to pay the sums of $16,457.86 as spousal maintenance arrears and $11,584.50 as the former wife's equitable distribution share of the parties' marital residence and, upon granting his objection to so much of the order dated February 23, 2006, as directed him to pay the sum of $9,475 for the former wife's dental expenses, directed him to pay the sum of $6,975 for such dental expenses.

Ordered that the order dated October 5, 2006, is modified, on the law, (1) by deleting the provisions thereof denying the former husband's objections to so much of the order dated February 23, 2006, as directed him to pay the sums of $16,457.86 as spousal maintenance arrears and $11,584.50 as the former wife's equitable distribution share of the parties' martial residence and substituting therefor provisions sustaining those objections, and (2) by deleting the provision thereof directing him to pay the sum of $6,975 for the former wife's dental expenses and substituting therefor a provision directing him to pay the sum of $2,500 for the former wife's dental expenses; as so modified, the order is affirmed insofar as appealed from, with costs to the former husband.

The parties were divorced pursuant to a judgment of divorce entered in the Supreme Court, Westchester County, which incorporated by reference, but did not merge, a stipulation of settlement (hereinafter the Settlement Agreement). The Settlement Agreement, inter alia, provided for distribution of the

remaining equity in the marital residence, allocated responsibility for debts incurred by the former wife (hereinafter the wife), and required the former husband (hereinafter the husband) to pay the wife periodic maintenance and for certain dental expenses. Contrary to the husband's contention, the Family Court is authorized by statute to entertain petitions for the enforcement of an order or decree awarding maintenance or support, and to enter money judgments for support arrears, unless the Supreme Court expressly retains exclusive jurisdiction to enforce the terms of a judgment of divorce (*see* Family Ct Act § 466 [c]; *Kleila v Kleila*, 50 NY2d 277 [1980]; *Matter of Hausman v Hausman*, 27 AD3d 464 [2006]). Here, however, the Family Court, as a court of limited jurisdiction, lacked authority to determine so much of the wife's petition as sought to enforce those provisions of the Settlement Agreement which pertain to distribution of the equity of the marital residence (*see Matter of Howard v Janowski*, 226 AD2d 1087 [1996]; *Iseman v Iseman*, 48 AD2d 809 [1975]; *Matter of Kolar v Kolar*, 133 Misc 2d 995 [1986]; *Matter of Theresa S. v Karel S.*, 120 Misc 2d 395 [1983]).

Although the Family Court had jurisdiction to enforce the support and maintenance provisions of the Settlement Agreement, the wife failed to establish that the husband owed her any amount for spousal maintenance. The Settlement Agreement provides, inter alia, that the husband would pay up to the sum of $12,500 to satisfy debts incurred by the wife and that, if the husband were required to satisfy any other debts incurred by the wife in his name or their joint names, he would be entitled to offset those amounts against future maintenance payments. Although the wife represented, warranted, and covenanted that she had not incurred and would not incur any other debts or liabilities for which the husband, his estate, or his property could become liable, seven debtors obtained judgments against the wife that were docketed and became judgment liens against the marital home. The husband thereafter paid off judgments in the total amount of $28,042.36, and offset $16,457.86 of that amount against the wife's monthly maintenance payments. Since a stipulation of settlement in a divorce action is a contract, it should be interpreted to "arrive at a construction that will give fair meaning to all of the language employed by the parties [and] to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Schiano v Hirsch*, 22 AD3d 502, 502 [2005]; *see Winski v Kane*, 33 AD3d 697, 698 [2006]). Under all the circumstances, it would be contrary to the parties' reasonable expectations to interpret the Settlement Agreement to require the husband to pay the wife the sum of

$16,457.86, after he already paid that amount to satisfy debts which she had incurred but failed to disclose and which resulted in judgment liens being entered against the jointly-owned marital residence.

The Settlement Agreement also required the husband to pay up to $5,000 towards dental work to be provided to the wife, and to supply lab work at no cost to her. We agree with the Support Magistrate's determination that the husband only submitted evidence sufficient to prove payment of $2,500 to the wife's dentist. The unsworn letter from the dentist stating that a total payment of $5,000 had been received did not have the indicia of reliability associated with a receipt or business record, because it was not created contemporaneously with the purported payments and there was no showing that it was created in the ordinary course of business (*see* CPLR 4518 [a]). However, the wife did not demonstrate that the husband failed to fulfill his obligation to supply lab work for her procedures free of charge. Accordingly, the husband is obligated to pay just $2,500 to the wife for dental expenses. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.