■ In the Matter of JOHN M.S., Respondent, v BONNI L.R., Appellant. [854 NYS2d 259]—

Memorandum: Respondent mother appeals from an order denying her objections to an order enforcing that part of a prior support order allocating the income tax dependency exemption for the parties' child to petitioner father pursuant to the parties' stipulation. We agree with the mother that Family Court lacks subject matter jurisdiction to enforce that part of the support order. "Family Court is a court of limited jurisdiction, [and] it cannot exercise powers beyond those granted to it by statute" (*Matter of Howard v Janowski*, 226 AD2d 1087, 1087 [1996]; *see also Kleila v Kleila*, 50 NY2d 277, 282 [1980]). With respect to the enforcement of support orders, "[t]he summary enforcement procedures of Family Court Act article 4 apply only to payments that in fact constitute 'support' or 'maintenance' " (*Howard*, 226 AD2d at 1087). Here, the father's entitlement to claim the child as a dependent for income tax purposes is not an element of support set forth in Family Court Act article 4, and thus the court lacks jurisdiction to enforce that part of the support order (*see* Family Ct Act § 413 [1]; §§ 416, 454; *see also Iseman v Iseman*, 48 AD2d 809, 810 [1975], *appeal dismissed* 37 NY2d 918 [1975]). The father must seek enforcement of the parties' stipulation to allow the father to claim the child as his dependent for income tax purposes by way of a plenary action in Supreme Court (*see Howard*, 226 AD2d at 1088). We therefore reverse the order, grant the objections and dismiss the petition.

In light of our determination, we need not reach the mother's remaining contentions. Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.