# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**451**
**CA 11-01681**
PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

ROBERT M. WARNER, II, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

APRIL L. WARNER, DEFENDANT-APPELLANT.

---

LEGAL AID SOCIETY OF MID-NEW YORK, INC., OSWEGO (SUSAN M. FAUST OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN W. SPRING, JR., ATTORNEY FOR THE CHILDREN, PHOENIX, FOR ASHLEIGH W., THOMAS W., COURTNEY W., BRITNEY W., AND MONICA W.

---

Appeal from a judgment of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered February 25, 2011. The judgment, insofar as appealed from, referred to Family Court all future issues relative to income tax deductions and exemptions concerning the children.

It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs and that part referring to Family Court all future issues relative to income tax deductions and exemptions concerning the parties' children is vacated.

Memorandum: Defendant appeals from that part of the judgment of divorce providing that all future "issues relative to income tax deductions and exemptions [concerning] the children" shall be referred to Family Court. We note at the outset that, although the judgment was entered upon consent, the provision at issue was added by Supreme Court sua sponte, and defendant's attorney objected to that provision. Thus, defendant's contention is properly before us (*cf. Hatsis v Hatsis*, 122 AD2d 111, 111). We agree with defendant that the court erred in adding the provision with respect to the tax deductions and exemptions inasmuch as the jurisdiction of Family Court is generally limited "to matters pertaining to child support and custody" (*Matter of Paratore v Paratore*, 90 AD2d 975; *see Matter of Howard v Janowski*, 226 AD2d 1087, 1087), and tax deductions or exemptions are not an element of support (*see Matter of John M.S. v Bonni L.R.*, 49 AD3d 1235, 1235; *see generally Paratore*, 90 AD2d at 975). Although Family Court Act § 115 (b) provides that Family Court has jurisdiction "over applications for support, maintenance, *a distribution of marital property* and custody in matrimonial actions when referred to the family court by the supreme court" (emphasis added), marital property is defined as that property which is acquired during the marriage (*see* Domestic Relations Law § 236 [B] [1] [c]), and the parties'

entitlement to tax deductions and exemptions concerning the children will affect only property acquired after the marriage.