OPINION OF THE COURT
Gabrielli, J.
In this plenary action in contract brought by a wife who *280 seeks a money judgment for arrears in support payments due her under a separation agreement, the overriding issue is the proper interpretation of a provision of the agreement. Section 23 of the agreement specifically declares that the agreement is to survive any subsequent divorce decree obtained by either party, and it further provides that although the custody, support and maintenance provisions of the separation agreement may be incorporated by reference into such a divorce decree, they are not to be merged within it. Some time following the separation, the husband obtained a bilateral Mexican divorce decree which incorporated those sections of the separation agreement but specifically declared that they were to survive the decree. Eventually, the wife deemed it necessary to seek an order of support in Family Court, Nassau County, for the $200 per week support and maintenance provided in the divorce decree pursuant to the terms of the separation agreement (see Family Ct Act, § 422, subd [b]; § 461, subd [b]; § 466, subd [c]). The husband countered with a request that the amount of support and maintenance be decreased, and, following issuance of several orders not pertinent to this appeal, Family Court ultimately decreased the amount of support and maintenance awarded by the divorce decree to $95 a week and issued a support order for that amount.
The wife then commenced this action in Supreme Court, Nassau County, seeking a money judgment in the amount of the difference between the support and maintenance payments established by the separation agreement and the reduced amount provided by the Family Court order.* In response, the husband contended that pursuant to section 24 of *281 the separation agreement, the modification by Family Court of the amount of support and maintenance due under the divorce decree served also as a modification of the separation agreement provisions pertaining to support and maintenance. Following a nonjury trial, Supreme Court ruled in favor of the husband, concluding that pursuant to section 24 of the separation agreement, the modification of the divorce decree by Family Court did in fact cause a similar modification of the separation agreement. On the wife’s appeal, the Appellate Division reversed and ordered judgment in favor of plaintiff in the amount of $19,637, which had been stipulated to be the correct amount owed the wife if the separation agreement was not modified as a result of the Family Court order. The Appellate Division concluded that even if the husband were correct in his interpretation of the agreement, enforcement of such a provision would be improper since it comprised an attempt to confer jurisdiction upon Family Court by agreement of the parties. The husband now appeals to this court as of right, pursuant to CPLR 5601 (subd [a], par [ii]). We conclude that there should be an affirmance, although for a different reason than that expressed by the Appellate Division.
Section 24 of the separation agreement provides as follows: "In the event that any court of competent jurisdiction shall hereafter, by virtue of any statute, modify the terms hereof with respect to support and maintenance, such modification shall apply to this Agreement with the same force and effect as though it constituted the original terms hereof.” The husband contends that this provision should be interpreted as meaning that if any court of competent jurisdiction modifies the alimony and child support provisions of any divorce decree subsequently obtained, such shall also serve as a modification of the support and maintenance provisions of the separation agreement. Supreme Court agreed with that interpretation and held that pursuant to that provision the support and maintenance provisions of the separation agreement had been modified as a result of the Family Court order modifying the divorce decree, and thus there existed no disparity between the provisions of the agreement and the provisions of the Family Court support order. Since the wife’s claim was premised upon the existence of such a difference, Supreme Court ruled in favor of the husband and dismissed the complaint.
The Appellate Division, on the other hand, concluded that *282 even if that interpretation of the contract was correct, it was invalid as an improper attempt to confer jurisdiction upon the Family Court by agreement between the parties, since Family Court lacks jurisdiction to vary the terms of a separation agreement, although it may in some cases vary the terms of a divorce decree or judgment of separation (see Family Ct Act, §§ 422, 461, 466). While we agree with the ultimate result reached by the Appellate Division, we disagree with the analysis used to reach that result.
 It is true, of course, that the Family Court is a court of limited jurisdiction which lacks the power to modify the terms of a separation agreement, as opposed to the terms of a divorce decree, and that this power cannot be conferred upon that court by agreement of the parties. Even as interpreted by the husband, however, the provision in issue simply does not attempt to confer jurisdiction upon the Family Court. The provision neither purports to nor could it change the jurisdiction of the Family Court. Rather, according to the husband, it provides instead that if a court with jurisdiction to modify a divorce decree into which the separation agreement has been incorporated but not merged, does so modify the support provisions of the divorce decree, then the separation agreement itself is to be modified accordingly. Rather than attempting to confer jurisdiction upon the Family Court, section 24, as interpreted by the husband, would serve merely as a mutually agreed upon means of modifying the separation agreement to accord with the changes in the divorce decree. Although the parties could not have conferred subject matter jurisdiction upon the Family Court, no public policy precludes a prior agreement to extend the effect of any Family Court decision beyond the reaches which that decision is permitted by law. Certainly Family Court could not modify the agreement; the parties could, however, voluntarily agree that any modification of the decree would also serve as a modification of the agreement. Thus, were we to agree with the husband’s interpretation of section 24, we would reverse the order of the Appellate Division and reinstate the determination of Supreme Court. As it is, however, our examination of that section precludes us from adopting the interpretation proffered by the husband.
Section 24 of the separation agreement clearly does not provide that any modification of the support provisions of the divorce decree shall also be incorporated into the separation *283 agreement. Rather, it states merely that if any court modifies "the terms hereof with respect to support and maintenance, such modification shall apply to this Agreement with the same force and effect as though it constituted the original terms hereof’ (emphasis added). The word "hereof’ when used in a document patently refers to the document in which the term is used. Here, that document is the separation agreement. Thus, the provision speaks not to the situation in which a divorce decree is modified by a court of competent jurisdiction, but rather to the situation in which a part of the separation agreement itself is set aside by a court of competent jurisdiction (see Christian v Christian, 42 NY2d 63, supra). In the instant case, no court has ever modified the agreement, and thus the section is inapplicable to this dispute.
It has been suggested that, since the separation agreement has been incorporated into the divorce decree, section 24 of the agreement is now also a part of the decree and thus the word "hereof’ may be deemed to refer to the decree as well as to the agreement. We find such a strained interpretation of an unambiguous provision to be unpersuasive. When parts of a separation agreement are incorporated into but not merged within a divorce decree, the separation agreement continues in effect as a separate and independent contractual arrangement between the parties (Goldman v Goldman, 282 NY 296, supra; see 2 Foster and Freed, Law and the Family, § 28:53). Thus, a change in the divorce decree cannot modify the separation agreement absent a clear expression by the parties of such an intent. Even were we to agree that the term "hereof’ refers to the separation agreement incorporated within the divorce decree as opposed to the separation agreement qua contract, the result would be no different in this case since the same logic would require that the "agreement” which is to be modified accordingly must also be the agreement within the decree, rather than the agreement which survives the decree. Rather than follow such a tortuous path, we consider it preferable to construe the word "hereof’ in section 24 as a reference to the contract and not to the decree.
Nor does this interpretation of section 24 render that provision meaningless. It is, of course, true, that the courts of this State enjoy only limited authority to disturb the terms of a separation agreement (compare Goldman v Goldman, 282 NY 296, supra, with Christian v Christian, 42 NY2d, supra, at pp 71-73). Moreover, any attempt to confer upon a court of any *284 jurisdiction within the United States broad powers to modify the terms of a separation agreement might well run afoul of constitutional limitations upon the State’s power to tamper with vested contractual rights. Courts of other nations, however, are not always so limited, and it is evident that the parties to this agreement contemplated the possibility that jurisdiction over the agreement might subsequently be asserted by foreign courts. Were it not for the existence of section 24, the enforceability in this State of any modification of the support and maintenance provisions of the separation agreement by a foreign court of competent jurisdiction would nonetheless be subject to the somewhat uncertain principles of comity. Section 24, however, makes such modifications to the agreement an effective part of the agreement in this State not because of whatever degree of respect we may bestow upon foreign judgments, but rather because the parties have elected to make any such judicial modifications a part of their agreement. As such, the enforceability of such provisions depends on general principles of contract and family law, not upon the vagaries of comity.
Moreover, our interpretation of section 24 is buttressed by an examination of section 23 of the separation agreement, which specifically declares that the support and maintenance provisions of the separation agreement are to be read into the divorce decree, but are not to be merged within that decree, and are instead to survive it. Were we to agree with the husband’s interpretation of section 24, the specific declaration contained in section 23 would be rendered ineffective, for the net result of the husband’s interpretation of section 24 would be to merge the support and maintenance provisions within the divorce decree despite the contrary mandate of section 23. We refuse to interpret section 24 in such a way as to negate the clear and unambiguous intent expressed in section 23. Hence, we conclude that the separation agreement does not provide that any modification of the support and maintenance provisions of the decree will serve to modify the agreement as well, and the wife is thus entitled to recover upon her contractual right to support and alimony as provided by the original terms of the separation agreement.
Accordingly, the order appealed from should be affirmed, with costs.

 It does not appear from the record that any appeal was taken from the Family Court order decreasing the amount of support and maintenance awarded by the Mexican court. We note that no challenge has been made in this action to the jurisdiction of the Family Court in that proceeding, and that the propriety of that order is not at issue in the instant case (see Goldman v Goldman, 282 NY 296; cf. McMains v McMains, 15 NY2d 283; see, also, 2 Foster and Freed, Law and the Family, § 28:64). Moreover, this case does not involve any challenge to the validity of either the separation agreement (cf. Christian v Christian, 42 NY2d 63) or the Mexican divorce decree into which it has been incorporated but not merged, nor is any judicial modification of the separation agreement sought by either party (see 2 Foster and Freed, Law and the Family, § 28:63). Rather, the dispute presented in this case concerns merely the proper interpretation of that agreement. Thus, the power of a court of this State to set aside a separation agreement incorporated into but not merged within a foreign divorce decree is not at issue on this appeal (cf. Harges v Harges, 46 Misc 2d 994).