OPINION OF THE COURT
Frank B. Lewis, Spec. Ref.
This is an uncontested action for divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law, based upon the parties having lived apart for more than one year pursuant to a written separation agreement, and substantial compliance with that agreement by the plaintiff. The action was commenced subsequent to the effective date of New York’s newly enacted Avitzur or “Get” Statute (Domestic Relations Law, § 253, as added by L 1983, ch 979, eff Aug. 8, 1983; see both majority and dissenting opns, Avitzur v Avitzur, 58 NY2d 108, cert den 52 USLW 3262).
The verified complaint contains the statements that the marriage of the parties was performed by a clergyman and that plaintiff has taken all steps solely within her power to remove all barriers to defendant’s remarriage. Defendant submits a standard form affidavit in which he acknowledges service of the summons and complaint and states that he does not intend to answer the complaint, and waives the time for answer and placement of the case on the calendar. In the foregoing and in all other respects the *672 file would be perfectly sufficient for the signing and entry of the decision and judgment in accordance with the routine for uncontested matrimonial actions, were it not for one of the wrinkles of the new Get Statute.
At this point it is noted that defendant, who has made a general appearance and does not contest the requested relief, has made no sworn statement that he has effected the same removal of barriers to plaintiff’s remarriage as was done for defendant by plaintiff.
Subdivision 4 of section 253 of the Domestic Relations Law (the Get Statute) provides that in actions to which the statute as a whole applies (where the marriage was performed by a clergyman), where the divorce sought is a “conversion” divorce, that is a divorce based upon a separation judgment (Domestic Relations Law, § 170, subd [5]) or upon a separation agreement (Domestic Relations Law, § 170, subd [6]) and where the defendant enters a general appearance and does not contest the requested relief, no final judgment shall be entered unless both parties — defendant as well as plaintiff — make a removal of barriers statement. Thus in the case at bar there is a barrier to the entry of a judgment of divorce under the present statutory law of New York. For reasons which follow, I take steps to remove that barrier.
In its main thrust, the Get Statute requires that where the marriage was performed by a clergyman, the plaintiff must make a statement of removal of barriers to the defendant’s remarriage. Much controversy has arisen as to the Validity of the Get Statute under the Constitution of the United States in view of the religious freedom clause of the First Amendment and the due process clause of the Fourteenth Amendment, and with respect to equivalent provisions of the New York State Constitution. Among the questions raised are the legitimacy of the State’s interest in conditioning a secular divorce upon the removal of religious barriers to the other spouse’s remarriage, and the validity of a statute which places procedural requirements on persons of all faiths while in substance affecting only persons of one faith. (See Governor’s Memorandum accompanying the signing of the bill, McKinney’s Session Laws of NY, 1983, p A-737; Kochen, Constitutional Implications *673 of New York’s “Get” Statute, NYLJ, Oct. 27,1983, p 1, col 3 [con]; Lewin, The Constitutional Validity of New York’s “Get” Statute, NYLJ, Nov. 16, 1983, p 1, col 3 [pro].)
The controversies regarding the main thrust of the Get Statute are rendered academic with respect to the instant case by reason of plaintiff’s voluntarily submitted removal of barriers statement. In the case at bar the problem lies with the lack of the statutorily required removal of barriers statement by defendant. (That topic is not addressed in the cited Governor’s message and journalistic articles.)
Whatever one’s position upon the requirement that a plaintiff, a party commencing a divorce action, make a statement of removal of barriers to the remarriage of the defendant, the person summoned into court, one may well ask what is the purpose and constitutional validity of the requirement of such a statement by a defendant?
Under the Get Statute, a defendant to a conversion divorce action can stop an otherwise unstoppable divorce by making a general appearance and declining to contest the action, and thereafter refusing to make a removal of barriers statement. There is created the bizarre situation in which a defendant can prevent the granting of relief to a plaintiff by the device of refusing the plaintiff an additional item of relief, one which the plaintiff might not even desire.
It might very well be argued that the aspect of the Get Statute herein under scrutiny constitutes a denial of due process in that it requires a plaintiff to seek an undesired item of relief in order to obtain a desired item. It might further be argued, at least for the reason that there is no way to extract a removal of barriers statement from a defendant, that the requirement is as much a denial of due process as would be a law preventing the entry of a judgment (in any type of action) where a defendant refuses to appear or answer.
All of the foregoing is unnecessary to the determination at bar. A narrower ground is found for the invalidation of the requirement of the defendant’s removal of barriers statement.
At this point it is noted that in the case at bar the separation agreement was entered into on October 14, *674 1982. The date of the agreement is after the Divorce Reform Law of 1966 but before the enactment of the Get Statute.
One of the purposes of the Divorce Reform Law of 1966 is the establishment of a separation agreement as grounds for a subsequent divorce. The highest court of this State has so held even upon finding certain provisions of a separation agreement invalid. (Christian v Christian, 42 NY2d 63; cf. Angeloff v Angeloff, 56 NY2d 982.)
Article I (§ 10, cl 1) of the United States Constitution provides (as herein applicable) that “No State shall * * * pass any * * * Law impairing the Obligation of Contracts”.
Under the law in existence at the time of the making of the separation agreement in this case, each party had the right, after the passage of one year and upon substantial compliance, to obtain from the courts of this State the judicial remedy of a divorce.
The judicial remedies available to parties to a contract at the time of its making are part of the constitutionally protected obligations of contracts. Not all modifications of existing remedies constitute unconstitutional impairments. Changes in procedural rules including times for pleading, Statutes of Limitation, and judicial enforcement of judgments are permitted. (East N. Y. Bank v Hahn, 326 US 230; Home Bldg. & Loan Assn. v Blaisdell, 290 US 398.) However, “Confessedly subsequent laws, which in their operation amount to the denial of rights accruing by a prior contract, are obnoxious to constitutional objection.” (Bradley v Lightcap, 195 US 1, 19.)
A change in State law is invalid if it affects an existing judicial remedy emanating from a contract “so * * * as to make the remedy a shadow.” (Worthen Co. v Kavanaugh, 295 US 56, 62; also Edwards v Kearzey, 96 US 595; Von Hoffman v City of Quincy, 4 Wall [71 US] 535; Bronson v Kinzie, 1 How [42 US] 311; Ogden v Saunders, 12 Wheat [25 US] 213; Sturges v Crowninshield, 4 Wheat [17 US] 122; Dartmouth Coll, v Woodward, 4 Wheat [17 US] 518.)
Most recently, the highest court of this State noted that any attempt to confer on State courts broad powers to modify the provisions of a separation agreement “might *675 well run afoul of [the contract impairment clause]”. (Kleila v Kleila, 50 NY2d 277, 284.) The same restrictions on State courts clearly apply to State Legislatures.
There is no way by which a plaintiff can force a defendant to make a removal of barriers statement. Therefore, with respect to actions for divorce based upon separation agreements (at least if made in this State) entered into subsequent to the Divorce Reform Law of 1966, but before the effective date of the Get Statute (Aug. 8, 1983), the requirement of subdivision 4 of section 253 of the Domestic Relations Law that no final judgment shall be entered unless the defendant makes a statement that he or she has taken all steps solely within his or her power to remove all barriers to plaintiff’s remarriage constitutes a cutoff of judicial remedies which accrued under a contract at the time the contract was made. As it applies to the case at bar, subdivision 4 of section 253 of the Domestic Relations Law (the Get Statute) violates article I (§ 10, cl 1) of the United States Constitution and is void. Whether or not the requirement of a removal of barriers statement by a plaintiff in a divorce action based upon a separation agreement entered into between the two stated dates also constitutes an unconstitutional impairment of contract obligations for the reason that it imposes a burden on the plaintiff not existing when the contract was made is an interesting question which is academic in this case due to the statement submitted by plaintiff.
Despite the lack of a removal of barriers statement by defendant, I find and decide that plaintiff is entitled to the judgment of divorce which she seeks.