■ SHERRY SHORETZ, Appellant, v MORRIS SHORETZ, Respon-

dent.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered April 2, 1991, which denied the plaintiff's motion for an order directing the defendant to produce the face sheets of his Internal Revenue Service tax returns, reversed, on the law, and the motion is granted without costs.

The plaintiff wife and the defendant husband entered into a separation agreement dated February 1, 1978 which was incorporated into their Haitian divorce on February 4, 1978. The plaintiff thereafter moved to set aside the agreement with the parties subsequently entering into a stipulation in open court on March 12, 1982. Pursuant to that stipulation, the defendant agreed to increase his obligation of support to $175 per week as long as he earned up to $37,500 of adjusted gross income and to pay twenty percent of his adjusted gross income on the overage past his $37,500 earnings. The agreement further provided: "Two. The defendant will furnish within one week, and upon written demand, each and every year the face sheet of his I.R.S. return to confirm what his annual earnings are."

On July 5, 1990, the plaintiff moved by order to show cause for an order enforcing the stipulation. Although the defendant, a certified public accountant, had provided the plaintiff with the face sheet of his tax returns for 1982 and 1983, he remarried in 1984 and thereafter filed joint returns with his new wife. In order to protect her privacy, the defendant turned over only pro forma face sheets to the plaintiff for the tax years following his remarriage, instead of the actual face sheets of the joint returns. These pro forma face sheets extracted the defendant's adjusted gross income from the adjusted gross income that he and his current wife reported on their joint returns.

During the proceedings before the Supreme Court, defense counsel turned over to the court the actual returns filed by the defendant plus summary sheets of the returns breaking down the income reported for an *in camera* review. Counsel also submitted the 1982 and 1983 tax returns of the defendant's current wife. Following an inspection of the documents, the Supreme Court held that, with the exception of being unable to distinguish between the dividends received by the defendant and his current wife, the pro forma figures were consistent with the figures contained in the actual returns. The court also concluded, with respect to capital gains and losses, that the numbers were not "sufficiently substantial to worry about". The Supreme Court then determined that the defendant had satisfied his obligation with respect to the

stipulation, and denied the plaintiff's motion for an order directing the defendant to produce the face sheets of his income tax returns.

Pursuant to the parties' stipulation, the plaintiff, rather than the court, had the right to examine the face sheets of the defendant's tax returns. On-the-record oral stipulations are binding and strictly enforceable *(De Jose v De Jose,* 104 AD2d 629, *affd* 66 NY2d 804). Absent a showing of fraud, duress, mistake or overreaching, such stipulations shall not be disturbed *(supra; see also, Hallock v State of New York,* 64 NY2d 224). By precluding the plaintiff from reviewing the defendant's returns and by, instead, conducting the review itself, the court modified the parties' stipulation, which it was without authority to do *(Marinello v Marinello,* 125 AD2d 555). Moreover, the court's review and determination of the significance or insignificance of the information reported on the documents submitted by the defendant precluded the plaintiff from making her own assessment of this information.

The fact that the face sheets of the joint tax returns reveal the income of the defendant's current wife does not mandate a different conclusion. The remarriage of the defendant was a foreseeable event. It occurred within 2 years of the stipulation. Since the defendant, a certified public accountant, consented to the terms of the stipulation, he was aware of his obligation to the plaintiff and knew, or should have known, that by choosing to file a joint return, his current wife's income would be revealed to his former wife. In any event, "[a] court should not, in guise of interpretation, nullify part of an agreement simply because one of the parties may have discovered, after several years, that a term originally agreed to has produced disagreeable results in practice." *(Kleila v Kleila,* 50 NY2d 277, 287 [Wachtler, J., dissenting].) Concur— Rosenberger, J. P., Ellerin and Asch, JJ.

Kupferman and Ross, JJ., dissent in a memorandum by Kupferman, J., as follows: I would affirm.

The husband provided a pro forma substitute for his income tax return as the duplicate equivalent of the original. To the extent that it could be questioned, the court here gave *in camera* review. There was no nullification of the spirit of the separation agreement. The only legitimate purpose of the plaintiff seeing the income tax return was to justify the amounts involved in the payments based on adjusted gross income.

As was said in *Christian v Christian* (42 NY2d 63, 73),

"separation agreements must not be permitted to be employed as instruments for the improper exaction in the inducement of execution of unconscionable terms within a frame of inequitable conduct."

The defendant's current wife is entitled to privacy and the plaintiff's demand that the agreement be adhered to with every jot and tittle can be considered to be unconscionable.