OPINION OF THE COURT
Lewis R. Friedman, J.
The parties had executed a separation agreement dated *881 September 21, 1972 (the Agreement) which was incorporated into the April 10, 1973 judgment of divorce but was not merged with it. In a writing acknowledged by both parties in February 1986 the parties agreed to modify the Agreement in certain regards including maintenance and child support. Plaintiff (Wife) now moves to have the modification agreement incorporated in the judgment.
Although there is a substantial body of case law dealing with the power of the court to modify a separation agreement which is not merged into a divorce judgment (see, e.g., Merl v Merl, 67 NY2d 359, 362), the court can find no authority on the issue presented here, whether to modify the divorce judgment to conform to the modified agreement.
The issue is important both to the parties and the practice of matrimonial law. A divorce judgment is far easier to enforce than a separation agreement. A divorce judgment may be enforced, for example, by execution, sequestration and direct entry of judgment (Domestic Relations Law § 244) and by contempt (Domestic Relations Law §245). A separation agreement is enforceable only by direct action.
The traditional rule is that a judgment of divorce may be modified to reflect unanticipated changed circumstances. That principle is statutory (Domestic Relations Law § 244) and well established in the cases (see, e.g., Merl v Merl, supra; Matter of Boden v Boden, 42 NY2d 210, 213; Matter of Brescia v Fitts, 56 NY2d 132, 139). That rule presumably exists for at least two reasons: the court generally retains the power to conform a judgment at equity to the circumstances and the State has an interest in the proper support of children. Most modifications involve changes to child support or spousal maintenance. Of course, the State has an interest in preventing persons from becoming public charges. (See, Klotz v Klotz, 150 AD2d 308; Matter of Fetherston v Fetherston, 172 AD2d 831, 833.)
However, a different principle applies to separation agreements. A separation agreement that is incorporated but not merged with a divorce decree remains an independant contract (Kleila v Kleila, 50 NY2d 277, 283; Rainbow v Swisher, 72 NY2d 106, 109; Matter of Meccico v Meccico, 76 NY2d 822, 823; 1 Tippins, New York Matrimonial Law and Practice § 8.06, at 20). "[C]ourts * * * enjoy only limited authority to [modify] the terms of a separation agreement” (Kleila v Kleila, supra, at 283). Therefore, absent compelling circumstances, the court must give controlling effect to a separation *882 agreement (Trump v Trump, 179 AD2d 201, 204). To the extent that a separation agreement continues, not merged with a divorce decree, it effectively remains a "separate and independent contractual arrangement between the parties” (Kleila v Kleila, supra, at 283; Goldman v Goldman, 282 NY 296; 2 Foster and Freed, Law and the Family New York § 28:53 [1966]).
The parties could have provided in the original Agreement that any modifications of that Agreement would be deemed to have modified the judgment or that a modification could, on motion, be incorporated into the judgment. This court, of course, would have to give effect to such a provision. However, the Agreement here makes no reference to modification at all. While most other modification agreements submitted to this court provide for conforming the judgment to reflect the modification, this one does not. The court cannot determine from the face of this modification agreement whether the omission of the language was a bargained for, intentional decision or a mere scrivener’s oversight. But the modification does provide that it "incorporates all oral agreements between the parties and with the Separation Agreement is the complete and entire agreement of the parties.” A separation agreement is governed by contract principles and "the intent of the parties must be gleaned from the four corners of the instrument” (Rainbow v Swisher, supra, at 109; W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). Since the language of the parties did not agree to a modification of the judgment, the court cannot find an intent to do so. The court may not add or delete terms of a separation agreement "under the guise of construction” (Bottitta v Bottitta, 194 AD2d 510, 513; Slamow v Del Col, 174 AD2d 725, 726, affd 79 NY2d 1016). The court will not add a term to the agreement that the parties did not agree to.
Although this case was originally decided prior to the regime created by the adoption of Domestic Relations Law § 236 (B), the modification agreement is governed by section 236 (B) (9) (b). That statute modifies prior law and provides that "no modification of a prior * * * judgment incorporating the terms of said agreement shall be made as to maintenance without a showing of extreme hardship on either party.” Thus the Legislature has granted the court power to modify judgments only on the ground of "extreme hardship” and, indeed, upon such a modification, "[to] supersede the terms of the prior agreement.” (See, Busetti v Busetti, 108 AD2d 769, 771-772.) *883 * Wife here does not offer any facts which would lead to a finding of "extreme hardship.” Thus, in the absence of a contractual provision allowing modification, the statute prohibits it, at least as to spousal maintenance. The standard for modifying a child support judgment is a well-established rule: in the best interest of the child, are there changed circumstances which warrant an increase (see, e.g., Matter of Brescia v Fitts, supra, 56 NY2d, at 141; Sternberg v Sternberg, 181 AD2d 1073; Rubin v Rubin, 119 AD2d 152, affd on opn below 69 NY2d 702, 704). That standard, too, has not been met.
Wife argues that to deny her the requested relief will permit her to enforce the original divorce judgment, including those portions which were modified, according to their original form. That result does not follow. The modification agreement is a contract by which Wife explicitly agreed to limit her rights with respect to the matters dealt with; thus, by the terms of the "new” contract, the modification agreement, Wife is barred from enforcing the original judgment to the extent it was modified (compare, Greschler v Greschler, 51 NY2d 368, 376; Lynn v Lynn, 302 NY 193, 201-203 [discussing the situation where the judgment, but not the surviving separation agreement, has been modified]). Wife’s remedy, to proceed on the modified terms as though this were a contract action, may deprive her of certain procedural benefits while also offering Husband fewer defenses to enforcement. The benefits to be obtained by either party were items to be negotiated when the parties entered into the modification agreement. At the insistence of one side, the court will not alter the modification agreement more than seven years after it was signed.
The motion is denied.

 Whether that power is an unconstitutional impairment of the obligations of contract is open to question (Kleila v Kleila, supra, 50 NY2d, at 283-284).