James and Barbara KING, parents of Robert K., a disabled student, Plaintiffs–Appellees,

v.

STATE EDUCATION DEPARTMENT and Pine Plains Central School District, Defendants,

Dutchess County Department of Social Services, Defendant–Appellant.

No. 98–9401(L)

United States Court of Appeals, Second Circuit.

Argued June 29, 1999.

Decided July 6, 1999.

See also 918 F.Supp. 772, 923 F.Supp. 541.

Rosalee Charpentier, Kingston, N.Y. (Family Advocates, Inc., Kingston, N.Y., on the brief), for Plaintiffs–Appellees.

Daniel J. Schneider, Newburgh, N.Y. (Drake Sommers Loeb Tarshis & Catania, Newburgh, N.Y., on the brief), for Defendant–Appellant.

Before: KEARSE, STRAUB, and POOLER, Circuit Judges.

Per Curiam:

Defendant Dutchess County Department of Social Services ("DCDSS") appeals from a final judgment of the United States District Court for the Southern District of New York, William C. Conner, *Judge,* awarding plaintiffs James and Barbara King $104,564.32, including interest and attorneys' fees, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (1994), as reimbursement for amounts they paid to defendants pursuant to orders of the New York State Family Court for support of a child placed in a residential program. On appeal, DCDSS challenges only the district court's denial of DCDSS's motion to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.,* 263

U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), on the ground that the present action constitutes an attempt to obtain federal-court review of the Family Court support orders.

 In an Opinion and Order dated November 12, 1997, the district court denied DCDSS's motion to dismiss, finding that the *Rooker-Feldman* doctrine was inapplicable because the Family Court is a court of limited jurisdiction and that its jurisdiction does not extend to claims under the IDEA. We see no error in that conclusion. The New York State Family Court is a court of limited jurisdiction. *See, e.g., Kleila v. Kleila,* 50 N.Y.2d 277, 282, 428 N.Y.S.2d 896, 899, 406 N.E.2d 753 (1980). As such, it has the power to entertain only those applications that are specifically enumerated in the New York State Constitution or an applicable statute. *See, e.g., Roy v. Roy,* 109 A.D.2d 150, 151, 491 N.Y.S.2d 202, 204 (3d Dep't 1985). To the extent pertinent here, the State Constitution vests the Family Court with original jurisdiction over proceedings for "the support of dependents except for support incidental to actions and proceedings in this state for marital separation, divorce, annulment of marriage or dissolution of marriage." N.Y. Const., art. VI, § 13(b)(4). The Family Court Act lists a number of "factors" on which that court is to predicate its findings with respect to support, but none of those factors concerns rights conferred on parents by federal law. *See* N.Y. Fam. Ct. Act § 413(1)(f) (McKinney 1999).

Although § 413(1)(f) contains a catch-all clause allowing consideration of "[a]ny other factors the court determines are relevant in each case," *id.* § 413(1)(f)(10), we are not aware of any authority suggesting that that clause was meant to give the Family Court jurisdiction to decide claims of rights arising under federal law. Indeed, at oral argument of this appeal, plaintiffs represented, with no semblance

of any contradiction by DCDSS, that in the Family Court proceeding concerning the Kings, the judge refused to allow plaintiffs to assert their IDEA claim. We conclude that the district court correctly ruled that the *Rooker-Feldman* doctrine did not bar the present suit.

We have considered all of DCDSS's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.