10 N.Y.3d 364 (2008)
889 N.E.2d 471
859 N.Y.S.2d 594
In the Matter of JOHNA M.S., Appellant,
v.
RUSSELL E.S., Respondent.
Court of Appeals of the State of New York.
Argued March 18, 2008.
Decided April 29, 2008.
*365 Harlem & Harlem, Oneonta (Richard A. Harlem of counsel), for appellant.
Arroyo Copland & Associates PLLC, Albany (Cynthia Feathers of counsel), and Lester A. Sittler, Fly Creek, for respondent.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and JONES concur with Judge PIGOTT; Judge SMITH dissents in a separate opinion.

OPINION OF THE COURT
PIGOTT, J.
Petitioner wife and respondent husband, married in 1982, are *366 the parents of three children. They separated in 1999 and executed a written separation agreement in 2003. No divorce action has been commenced.
The separation agreement provides that the husband would pay the wife $100 per week in spousal maintenance and $250 per week in child support. The section of the agreement pertaining to maintenance states:
"while this agreement will resolve these issues for the present time, the Wife shall not be foreclosed from seeking additional maintenance in negotiation with the Husband, or failing such negotiation, then filing in a court of appropriate jurisdiction for a modification of the present provisions concerning the payment of maintenance. Any application by the Wife shall be treated as a `de novo' application to the court, since it is not possible to set future maintenance at this time because it is impossible to forecast the Wife's needs or the Husband's income/ earning capacity."
The wife commenced this Family Court Act article 4 proceeding seeking an upward modification of maintenance and child support. After a fact-finding hearing, the Support Magistrate dismissed that portion of the wife's application seeking additional spousal maintenance for lack of jurisdiction. The court noted that no proof was offered that the wife was likely to become a public charge (see Family Ct Act § 463); thus, the parties were bound by the terms of the separation agreement on the issue of spousal maintenance. Family Court affirmed, as did the Appellate Division, with two Justices dissenting in part. The wife appeals as of right based on the two-Justice dissent on a question of law, and we now affirm.
Family Court is a court of limited jurisdiction that cannot exercise powers beyond those granted to it by statute (see Matter of Silver v Silver, 36 NY2d 324, 326 [1975]). It generally has no subject matter jurisdiction to reform, set aside or modify the terms of a valid separation agreement (see Kleila v Kleila, 50 NY2d 277, 282 [1980]; Matter of Brescia v Fitts, 56 NY2d 132, 139 [1982]). Nor can an agreement of the parties confer on Family Court the power to modify the terms of a separation agreement (see Kleila, 50 NY2d at 282). A statutory exception to the rule prohibiting the modification of separation agreements, not applicable here, exists where a spouse "is likely to become in need of public assistance or care" (Family Ct Act § 463).
*367 Here, Family Court lacks subject matter jurisdiction to entertain the wife's application for increased spousal maintenance. Although the parties' separation agreement purports to permit Family Court to treat any application by the wife as "de novo," such language cannot confer jurisdiction upon Family Court. As noted by the Appellate Division majority, the wife's petition to Family Court for increased maintenance expressly stated that it was "an application to the Court for an upward modification of spousal support," premised on the insufficiency of current maintenance due to a loss of certain Social Security benefits. Moreover, in practical terms, the wife is not presenting a new, or "de novo," application for maintenance to Family Court; rather, she is simply seeking increased maintenance from that provided under the separation agreement. Thus, because the wife is seeking a modification of a spousal maintenance award set forth in a separation agreement, Family Court is without jurisdiction to entertain the petition and grant the requested relief (see Kleila, 50 NY2d at 282).
Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.
SMITH, J. (dissenting).
Family Court Act § 411 says: "The family court has exclusive original jurisdiction over proceedings for support or maintenance under this article." Since this is a proceeding for maintenance under article 4 of the Family Court Act, the majority's conclusion that Family Court lacks jurisdiction is at first glance puzzling. The explanation is to be found in cases holding that Family Court has no jurisdiction to "modify" an agreement (Kleila v Kleila, 50 NY2d 277, 282 [1980]; Matter of Brescia v Fitts, 56 NY2d 132, 139 [1982]). I think the majority errs by reading too much into these cases, and paying too little attention to the statute.
The rationale of Kleila and Brescia is that, as we explained in Brescia, Family Court is "lacking equity jurisdiction" (56 NY2d at 139). Thus, where a husband or wife seeks the intervention of equity to alter the terms of an agreementa remedy amounting to reformation or rescissionhe or she must seek it in Supreme Court. With a statutory exception not relevant here (Family Ct Act § 463 [relating to support of a spouse who is likely to become a public charge]), such a remedy is beyond the power of Family Court to grant in predivorce litigation.
But here, the wife is not asking for equitable relief that would change the terms of the parties' agreement. She is asking for *368 relief expressly permitted by the agreement's terms: "[T]he Wife shall not be foreclosed from seeking additional maintenance." There is no need for Family Court to exercise the equitable powers that we have held it does not have. It need only do what the statute permits it to doaward maintenance.
It is true, as the majority says, that the parties' agreement "cannot confer jurisdiction upon Family Court" (majority op at 367). But jurisdiction over this case is conferred by the statute; the question is whether the parties divested Family Court of jurisdiction, as Kleila and Brescia hold that they may do, by entering an agreement that court lacks power to alter. These parties expressed a perfectly clear intention not to enter an agreement that displaced Family Court's jurisdiction.
The problem in this case comes from a mistake in drafting. In their agreement, the parties unwisely used the word "modification": "[T]he Wife shall not be foreclosed from ... filing in a court of appropriate jurisdiction for a modification of the present provisions." But a "modification" to which the parties have consented in the text of their agreement is not the sort of modification that requires the intervention of a court of equity; since it conforms to what the parties said they intended, it is not in the relevant sense a modification at all. The parties could have expressed exactly the same intentionand probably achieved the result they wantedby changing labels. They could have called the initial $100 weekly payment an interim arrangement, and treated permanent maintenance not as a "modification" of the interim amount, but as a separate issue that the agreement did not decide. For example: "The amount of maintenance payable by the Husband to the Wife is not fixed by this agreement, but is reserved for the Family Court. Pending the court's resolution of that issue, the Husband shall pay the Wife $100 per week." In substance, that is what the parties agreed.
By focusing on the word "modification" and not on the substance of the agreement, the majority reaches a completely unjust result. The agreement explains the wife's plight in detail:
"The parties acknowledge that the Wife suffers from a seizure disorder, which originated from treatment of a carcinoma in her ear from childhood. The Wife is completely disabled and on a variety of medications.... The Wife draws social security disability benefits which are also available to the infant children of the marriage. The parties recognize the need *369 of the Wife for maintenance and further recognize that that need shall continue for the remainder of her life.... The parties specifically acknowledge that it is only possible for them to determine the present need of the Wife for maintenance and the present ability of the Husband to pay maintenance" (emphasis added).
In the face of this language, the majority holds that the Wife is permanently bound to the $100 a week of maintenance payments that the parties chose to meet her "present" needs. Her only remedy is to bring an action in Supreme Court for separation or divorceif she does not want to be legally separated or divorced, she can obtain no relief. This holding is not compelled by any legal rule, and does not make sense.
Order, insofar as appealed from, affirmed, with costs.