*708 OPINION OF THE COURT
Debra J. Kiedaisch, J.
The respondent husband has filed objections to the decision and order of the Support Magistrate, dated April 30, 2008, which granted the petitioner wife’s application for spousal support by-ordering the respondent to pay $500 per month as support to petitioner. The record shows that the parties ceased residing together in the marital residence and entered into a separation agreement, dated August 28, 2006. The record further demonstrates that each of the parties was represented by his or her own attorneys in the drafting and execution of the separation agreement. The separation agreement includes provision for child support, spousal support, and distribution of marital assets to the parties. No matrimonial action has been commenced. There is no showing that any court, other than the Support Magistrate, has issued a spousal support order based on incorporating the provisions of the separation agreement or otherwise.
Pursuant to the separation agreement respondent was required, among other things, to pay spousal support to the petitioner in the amount of $1,500 per month for a period of 18 months. The 18 month period has run its course, and the respondent’s obligation to pay spousal support as set forth under the agreement has terminated. Pursuant to the separation agreement respondent is also obligated to pay child support for the parties’ three children, custody of whom has been granted to the petitioner under the agreement, in the amount of $2,541 per month, which is an amount equal to the monthly mortgage principal and interest, taxes and insurance on the marital residence, directly to the mortgage company. The agreement provides that if (real estate) taxes increase, the respondent is to pay the additional amount. The respondent agreed to transfer title to the marital residence, held in his name alone, to the parties as tenants by the entirety. The petitioner is granted exclusive occupancy of the marital residence until the youngest child, S., who was born in 2000, becomes emancipated. Upon the sale of the marital residence, when it occurs, the proceeds of sale are to be evenly divided between the parties or one party may buy out the other’s interest. The respondent is also required under the separation agreement to maintain health insurance for the children until their emancipation, as well as health insurance coverage for the petitioner for a period of four years from the *709 date of execution of the separation agreement.[1] Child care and unreimbursed health care for the children are to be shared by the parties based on the proportions of their incomes with respondent’s starting percentage fixed at 90%.
At the hearing conducted before the Support Magistrate on March 20, 2008, petitioner set forth in her net worth statement that in 2007 she earned $23,323 in commissions as a real estate agent, for which a confirming 2007 W-2 statement is in the record, and earned another $2,192 as a waitress. The Support Magistrate found that during the marriage, upon the birth of the parties’ first child, the petitioner ceased working full time. In the fact-finding portion of her order the Support Magistrate found that petitioner has earned no more than $27,000 per year during the marriage for the last five years and that respondent has earned “roughly $100,000 per year” during the same period. The Family Court file contains financial records which show the respondent had wages of $105,240 in 2007. In her decision and order, the Support Magistrate found that after all expenses are paid by petitioner she is left with, approximately, $85 per month and that respondent, after paying all his expenses, is left with, approximately, $2,900 per month. The Support Magistrate stated that petitioner established she would face a hardship without the spousal income, and ordered spousal support in the amount of $500 per month finding such amount will satisfy the needs of the petitioner at the current time.
In a case recently decided by the Court of Appeals, Matter of Johna M.S. v Russell E.S. (10 NY3d 364 [2008]), the Court, citing Kleila v Kleila (50 NY2d 277 [1980]) and Matter of Brescia v Fitts (56 NY2d 132 [1982]), held that the Family Court, being a court of limited jurisdiction and unable to exercise powers beyond those granted to it by statute, lacks subject matter jurisdiction to modify the spousal support provisions of a valid separation agreement[2] except where, as expressly provided by Family Court Act § 463, the spouse seeking an order granting financial support from the other spouse is likely to become in need of public assistance or care. In the rebuttal to the respondent’s objections, the petitioner, in an attempt to bring *710 the Support Magistrate’s order in line with the holdings expressed in the foregoing cases, states the Support Magistrate’s finding that petitioner is left with $85 per month after covering expenses “clearly indicates” that petitioner is likely to become a public charge. Petitioner’s rebuttal also states petitioner testified to applying for and receiving Home Energy Assistance Program benefits from Orange County.
The Support Magistrate found, on the one hand, that petitioner was covering her expenses, albeit by $85 per month, but expressed that a need for additional spousal support had been demonstrated, and would be appropriate. While the Support Magistrate characterized petitioner as suffering “hardship” without spousal support, the Support Magistrate, nevertheless, made no finding that petitioner was likely to become a public charge which is the standard required to be applied in this case (Matter of Johna M.S. v Russell E.S., 10 NY3d 364 [2008]). As found by the Support Magistrate, the record demonstrates petitioner is capable of earning $25,000 or more per year. The petitioner’s monthly shelter costs and her health care insurance coverage are currently fully provided for by respondent pursuant to the separation agreement. There is no showing based on the record in this proceeding that petitioner is about to become a public charge. That petitioner testified she received benefits from a government program which by its title appears to be aimed at helping with the costs of home energy does not demonstrate that petitioner is receiving that degree of public monies to bring her within the meaning of receiving “public assistance” as used in the statute to permit the Family Court to disregard the parties’ separation agreement (Family Ct Act § 463).
Under the circumstances, the Support Magistrate was without jurisdiction to have ordered the respondent to pay spousal support to petitioner when respondent’s obligation to pay such support had terminated under the parties’ subsisting separation agreement.
Accordingly, it is hereby ordered that the decision and order of the Support Magistrate, dated April 30, 2008, is hereby vacated.

. The April 30, 2008 Support Magistrate’s order also directs the respondent to maintain health insurance coverage for the petitioner. There is no allegation that respondent has not been abiding by the separation agreement with respect to providing health insurance coverage for petitioner.

. There is no allegation, pleading, or proceeding brought which alleges the subsisting separation agreement is invalid.