Matter of Ruth H. (Marie H.) (2018 NY Slip Op 01840)





Matter of Ruth H. (Marie H.)


2018 NY Slip Op 01840


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1484 CAF 17-01146

[*1]IN THE MATTER OF RUTH H. AND MATTHEW H. STACY ALVORD, COMMISSIONER, OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-APPELLANT MARIE H. AND WILLIAM H., JR., RESPONDENTS-RESPONDENTS. 






NELSON LAW FIRM, MEXICO (LESLEY SCHMIDT OF COUNSEL), FOR PETITIONER-APPELLANT.
AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR RESPONDENT-RESPONDENT MARIE H.
ROBERT J. GALLAMORE, OSWEGO, FOR RESPONDENT-RESPONDENT WILLIAM H., JR. 


 Appeal from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered March 30, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, determined that the temporary removal of the children while the neglect petition was pending was in the children's best interests. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the order determining that petitioner failed to make reasonable efforts to prevent or eliminate the need for removal of the children from respondents' home and substituting therefor a determination that petitioner made such reasonable efforts, and vacating that part of the order requiring that petitioner arrange for a foster home for respondents' cat and as modified the order is affirmed without costs.
Memorandum: Petitioner commenced this neglect proceeding seeking, inter alia, the temporary removal of respondents' two children from their custody. Respondents consented to the temporary removal of the children and, after a hearing pursuant to Family Court Act § 1027, Family Court determined, inter alia, that the temporary removal of the children while the neglect petition was pending was in the children's best interests based upon respondents' failure to provide adequate nutrition for the children and the uninhabitable condition of respondents' home. The court also determined that petitioner failed to make reasonable efforts to prevent the removal of the children from respondents' custody, and ordered petitioner to find a foster home for respondents' cat.
We agree with petitioner that the court erred in determining that it failed to make reasonable efforts to prevent or eliminate the need for removal of the children from respondents' custody. We therefore modify the order accordingly. Although respondents consented to the temporary removal of the children, Family Court Act § 1021 requires that, under such circumstances, a petition shall be filed within three days of the removal, and "a hearing shall be held [on the petition] . . . and findings shall be made as required pursuant to [Family Court Act § 1027]." Family Court Act § 1027 (b) (ii) provides in relevant part that, "[i]n determining whether removal or continuing the removal of a child is necessary to avoid imminent risk to the child's life or health, the court shall consider and determine in its order . . . whether reasonable efforts were made . . . to prevent or eliminate the need for removal of the child from the home." Inasmuch as the record establishes that respondents were receiving considerable support and [*2]assistance during the months prior to the filing of the neglect petition, we conclude that the court's determination lacks a sound and substantial basis in the record (see id.; see generally Nicholson v Scoppetta, 3 NY3d 357, 379-380 [2004]; Matter of Austin M. [Dale M.], 97 AD3d 1168, 1170-1171 [4th Dept 2012]).
Although the court found that petitioner failed to tailor its services to the particular problems that were facing respondents by failing to provide respondents with, inter alia, mental health services, anger management counseling, psychological evaluations, assistance with understanding the nutritional needs of their children, transportation to medical appointments and the pharmacy, and assistance locating safe and affordable housing, the evidence at the fact-finding hearing established that respondents were indeed receiving such services. Respondents were receiving public assistance for their rent, medical care and treatment of the father's mental health issues, as well as assistance buying groceries through the food stamp and WIC programs. In addition, petitioner provided respondents with a preventive caseworker who met with respondents up to four times per month. The caseworker scheduled and attended doctor's appointments with the mother and children, picked up a prescription at the pharmacy, brought food and cleaning products to the home, brought holiday food baskets for the family and toys for the children, and provided transportation assistance. The caseworker provided nutrition and hygiene information and helped respondents address the dangers and choking hazards in the home, such as the cigarette butts that were littered throughout their toddler's bedroom. The caseworker also helped respondents search for new housing and initiated the HUD application process for them, helped the father restart his social security income payments, and referred respondents to several other programs. On this record, we conclude that petitioner "made reasonable efforts to prevent or eliminate the need for removal of the children from [respondents'] home" (Austin M., 97 AD3d at 1171).
We also agree with petitioner that the court lacked the authority to order it to find a foster home for respondents' cat, and we therefore further modify the order accordingly. "Family Court is a court of limited jurisdiction that cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]; Family Ct Act §§ 115, 1013), or by the New York Constitution (see NY Const, art VI, § 13). Inasmuch as animals are property (see generally Mullaly v People, 86 NY 365, 368 [1881]), and Family Court does not have jurisdiction over matters concerning personal property, we conclude that the court exceeded its authority in directing petitioner to find foster care for respondents' cat.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court