Matter of Krier v Krier (2019 NY Slip Op 09129)





Matter of Krier v Krier


2019 NY Slip Op 09129


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


986 CAF 18-02058

[*1]IN THE MATTER OF WILLIAM KRIER, PETITIONER-RESPONDENT,
v
JEANNE KRIER, RESPONDENT-APPELLANT. MARY S. HAJDU, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 






MARY S. HAJDU, LAKEWOOD, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
ELIZABETH CIAMBRONE, BUFFALO, FOR RESPONDENT-APPELLANT. 
BRIAN R. WELSH, PLLC, WILLIAMSVILLE (BRIAN R. WELSH OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeals from an order of the Family Court, Erie County (Mary G. Carney, J.), entered April 10, 2018 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the tenth provision of the second ordering paragraph insofar as it relates to the suspension of maintenance payments, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother and the Attorney for the Child (AFC) appeal from an order that, inter alia, modified a prior custody and visitation order by awarding sole custody of the subject child to petitioner father. At the hearing, Family Court heard the testimony of the mother, the father, the three adult siblings of the child, and two expert witnesses. The court also conducted a Lincoln hearing. The subject child had refused to have any contact with the father in the four years since the parties' divorce, and the parties offered conflicting lay and expert testimony whether the mother had caused the child's alienation from the father.
Contrary to the contention of the mother and the AFC, we conclude that the father established a sufficient "change in circumstances to warrant an inquiry into the best interests of the child" (Matter of Poromon v Evans, 176 AD3d 1642, 1643 [4th Dept 2019]), based on both the expert testimony that the child was demonstrating elements of parental alienation (see Matter of Angela N. v Guy O., 144 AD3d 1343, 1345 [3d Dept 2016]) and " the continued deterioration of the parties' relationship' " (Lauzonis v Lauzonis, 120 AD3d 922, 924 [4th Dept 2014]; see Matter of Gaudette v Gaudette, 262 AD2d 804, 804-805 [3d Dept 1999], lv denied 94 NY2d 790 [1999]; see also Matter of Ingersoll v Platt, 72 AD3d 1560, 1561 [4th Dept 2010]).
Furthermore, we reject the contention of the mother and the AFC that the determination to award sole custody to the father is not supported by the requisite "sound and substantial basis in the record" (Matter of Russell v Russell, 173 AD3d 1607, 1608 [4th Dept 2019]). "The court's determination in a custody matter is entitled to great deference and will not be disturbed where . . . it is based on a careful weighing of appropriate factors" (Matter of Stanton v Kelso, 148 AD3d 1809, 1810 [4th Dept 2017] [internal quotation marks omitted]; see generally Fox v Fox, 177 AD2d 209, 210-211 [4th Dept 1992]). Those factors include: (1) the continuity and stability of the existing custodial arrangement, including the relative fitness of the parents and the length of [*2]time the present custodial arrangement has continued; (2) the relative quality of each parent's home environment; (3) each parent's ability to provide for the child's emotional and intellectual development; (4) the parents' relative financial status and ability to provide for the child; (5) the child's wishes; and (6) the need of the child to live with siblings (see Fox, 177 AD2d at 210).
Here, upon consideration of the testimony, the court properly weighed those factors and found that all weighed in favor of placement with the father except the child's wishes. Although the subject child was 15 years old at the time of the hearing, the court properly determined that his wishes were not entitled to great weight inasmuch as the child was so profoundly influenced by his mother "that he cannot perceive a difference between" the father's abandonment of the marriage and the father's abandonment of him and that it was in the child's best interests to reside with the father despite his wishes to the contrary (cf. Matter of Miosky v Miosky, 33 AD3d 1163, 1167 [3d Dept 2006]; see also Matter of Marino v Marino, 90 AD3d 1694, 1695-1696 [4th Dept 2011]). Contrary to the contention of the mother and the AFC, the court did not improperly rely on the presence of "parental alienation syndrome" (PAS) in making its custody determination. Indeed, the father's expert did not conclude that PAS, as a diagnosis, existed in this case and rather testified that the type of conduct in which the mother engaged resulted in the subject child becoming alienated from the father. Although PAS is not routinely accepted as a scientific theory by New York courts (see Matter of Montoya v Davis, 156 AD3d 132, 135 n 5 [3d Dept 2017]), this Court has repeatedly recognized the effects of alienating behaviors by a parent on children in custody and visitation determinations (see Russell, 173 AD3d at 1608-1609; Matter of Nwawka v Yamutuale, 107 AD3d 1456, 1457 [4th Dept 2013], lv denied 21 NY3d 865 [2013]; Matter of Carter v Work, 100 AD3d 1557, 1557-1558 [4th Dept 2012]). We thus conclude that there is a sound and substantial basis for the determination that an award of sole custody to the father was in the child's best interests, and we therefore decline to disturb that determination (see generally Russell, 173 AD3d at 1609; Matter of Thayer v Ennis, 292 AD2d 824, 825 [4th Dept 2002]).
Contrary to the further contention of the mother and the AFC, the court did not err in including a directive that the mother obtain counseling as a component of the order on appeal inasmuch as the court did not "order such counseling as a prerequisite to custody or visitation" (Matter of Avdic v Avdic, 125 AD3d 1534, 1535 [4th Dept 2015]).
However, we agree with the mother and the AFC that the court exceeded its jurisdiction in suspending maintenance payments to the mother inasmuch as the parties' separation agreement setting forth that obligation is an independent contract (see Makarchuk v Makarchuk, 59 AD3d 1094, 1094 [4th Dept 2009]). Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute (see Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]; Matter of Howard v Janowski, 226 AD2d 1087, 1087 [4th Dept 1996]; see also Kleila v Kleila, 50 NY2d 277, 282 [1980]), and "[i]t generally has no subject matter jurisdiction to reform, set aside or modify the terms of a valid separation agreement" (Johna M.S., 10 NY3d at 366). We therefore modify the order by vacating the tenth provision of the second ordering paragraph insofar as it relates to the suspension of maintenance payments, and we remit the matter to Family Court for a determination of the amount of any maintenance arrears.
The contention of the mother and the AFC that the court erred in prohibiting contact between the subject child and his adult siblings is moot inasmuch as that provision of the order expired by its own terms (see generally Matter of Mickle v Mickle, 143 AD3d 1289, 1290 [4th Dept 2016]; Matter of Whitney v Judge, 138 AD3d 1381, 1382 [4th Dept 2016], lv denied 27 NY3d 911 [2016]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court