Matter of Keenan v Tangco (2023 NY Slip Op 00420)

Matter of Keenan v Tangco

2023 NY Slip Op 00420

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-01411
 (Docket No. F-14500-18/21)

[*1]In the Matter of Maureen H. Keenan, respondent,
v
Christopher S. Tangco, appellant.

Law Office of Wendy Tso, P.C., New York, NY, for appellant.
Christian L. Goetz, Huntington, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated February 4, 2022. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Meridith Lafler, S.M.) dated November 18, 2021, as, after a hearing, determined that the father violated a prior order of child support and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $12,294.96.
ORDERED that the order dated February 4, 2022, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child together. In a stipulation of settlement, which was so-ordered by the Family Court on November 28, 2018, the parties agreed that the father would pay child support in the sum of $900 per month. Subsequently, in an order dated September 16, 2020 (hereinafter the child care order), the father was directed to pay 48% of the child care expenses for the child, retroactive to November 12, 2019.
In February 2021, the mother filed a petition alleging that the father violated the child care order by failing to pay his share of the child care expenses. After a hearing, the Support Magistrate determined, inter alia, that the father violated the child care order and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $12,294.96. The father filed objections. In an order dated February 4, 2022, the Family Court denied the father's objections. The father appeals.
The parties' testimony at the hearing established that the father failed to pay his share of the child care expenses, as required by the child care order. The father contended that he did not violate the child care order because he continued to pay child support after the Family Court issued an order dated March 12, 2021, which allegedly eliminated his obligation to pay child support, and he was entitled to a credit for his purported overpayments of child support against his obligation to pay child care expenses. However, contrary to the father's contention, the order dated March 12, 2021, did not invalidate the child support provisions of the parties' stipulation of settlement (see Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366; Matter of Brady v White, 158 AD3d 748, 753).
Accordingly, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as determined that he violated the child care order and directed the entry of a money judgment against him.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court