Matter of Tierney v Tierney (2025 NY Slip Op 06172)

Matter of Tierney v Tierney

2025 NY Slip Op 06172

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-09175
 (Docket No. F-1804-23)

[*1]In the Matter of Dawn Tierney, respondent,
v
Daniel Tierney, appellant.

Koplen Law Firm, New City, NY (Michael A. Koplen of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Keith J. Cornell, J.), entered March 14, 2024. The order denied the father's objection to an order of the same court (Patricia Brimais-Tenemille, S.M.) dated November 17, 2023, which, after a hearing, found that the father willfully violated a child support provision of the parties' judgment of divorce.
ORDERED that the order entered March 14, 2024, is affirmed, without costs or disbursements.
The parties, who are the parents of two children, were divorced by judgment of divorce dated August 13, 2012. The judgment of divorce, which incorporated but did not merge the terms of the parties' stipulation of settlement dated March 19, 2012, directed the father to pay the sum of $680 bi-weekly in basic child support to the mother. The judgment of divorce also required the father to pay maintenance to the mother for a period of time. The judgment of divorce provided that during the time that the father was paying maintenance, he would also be required to pay a percentage of any bonus that he received as additional child support. The judgment of divorce also provided that, upon termination of the father's maintenance obligation, the father would be required to pay 25% of the bonuses that he earned as additional basic child support. Thereafter, in an order dated July 13, 2017 (hereinafter the July 2017 order), issued upon the parties' consent, the father was directed, inter alia, to pay the sum of $1,248 bi-weekly in basic child support to the mother.
In June 2023, the mother commenced this proceeding, alleging that, upon termination of the father's maintenance obligation, the father had willfully failed to pay 25% of his bonus as additional basic child support to the mother. After a hearing, in an order dated November 17, 2023, a Support Magistrate determined that the father willfully violated his child support obligation requiring him to pay 25% of the bonuses that he earned to the mother and granted the petition. The father filed an objection to the Support Magistrate's order. In an order entered March 14, 2024, the Family Court denied the father's objection. The father appeals.
The father does not contest that the mother's testimony at the hearing established that the father failed to pay 25% of any bonuses that he earned in the years 2018-2022, and that, in response, he did not present any evidence that he did not earn any bonuses or of his inability to make the payments as ordered. Rather, the father contends that the July 2017 order eliminated his obligation to pay 25% of the bonuses that he earned as additional basic child support. However, [*2]contrary to the father's contention, the July 2017 order did not modify or invalidate the provision of the judgment of divorce that required the father, upon termination of his maintenance obligation, to pay 25% of the bonuses that he earned as additional basic child support (see Matter of Keenan v Tangco, 213 AD3d 664, 664; Matter of Brady v White, 158 AD3d 748, 753).
Accordingly, the Family Court properly denied the father's objection to the Support Magistrate's order.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court